[No. 3,718.]

## JOHN HOARE *v*. HENRY HINDLEY.

·Statute of Frauds.—Hoare and Hindley were partners in a band of cattle,
   which were pastured on a public range.  In June, 1869, they dissolved
   the partnership and corralled and divided all the cattle they could find,
   and agreed that Hindley should retain the partnership brand, and Hoare
   the partnership ear-mark, and that any cattle which had the partnership
   brand and ear-mark after the expiration of one year should belong to
   Hoare, and that, in the meantime, they should make divisions, and alter
   the ear-mark of cattle coming to Hindley, and the brand of those com-
   ing to Hoare:  *Held*, that all that was to be done under the contract was

to be performed within one year, and that it was not, therefore, in violation of the Statute of Frauds.

IMPEACHING VERDICT OF JURY.—An affidavit of a juror cannot be received to impeach his own verdict, unless the verdict was arrived at by "a resort to the determination of chance."

IDEM.—An affidavit of a party to an action, stating what took place in a jury-room while the jury were considering their verdict, without any statement therein, or proof that such party was present in the jury-room, will not be received to impeach the verdict of a jury, for it cannot be presumed that such party was present in the jury-room.

APPEAL from the District Court, Eighth Judicial District, County of Humboldt.

Action to recover the value of eighty head of cattle alleged to have been converted by the defendant.

The parties were partners in a band of about six hundred cattle, which they pastured on the public range in the mountains in Humboldt County. In June, 1869, they dissolved the partnership, and corralled all the cattle they could then find. It was agreed that they should divide the cattle, Hindley taking two thirds and Hoare one third. The partnership brand was H H, and there was also a partnership ear-mark. At the division, there was some discussion about the brand and ear-mark, and it was agreed that Hindley should retain the partnership brand, and that Hoare should retain the partnership ear-mark, and that the partnership ear-mark should be retained on the cattle falling to Hoare on the division, and the partnership brand should be retained on the cattle coming to Hindley. At the trial, Hoare testified that it was also agreed that any of the cattle that retained the old ear-mark and brand after the expiration of one year, should belong to him. There were several divisions of cattle during the year. At the division in June, some of the cattle assigned to Hindley were turned loose without having the ear-mark changed. Hoare claimed that Hindley, after the expiration of the year, had taken cattle having the old partnership mark and brand on, and that he had branded his calves. The jury found a verdict for the plaintiff for $887, and judgment was rendered accordingly. The defendant moved for a new trial, and in

support thereof, filed affidavits of three jurors, that the jury arrived at their verdict in the following manner:

"They agreed that each one should mark on a piece of paper the amount that he thought plaintiff should recover, and that the sum of all such amounts divided by twelve should be their verdict, and it was accordingly so done, and the result so arrived at was returned into Court as their verdict."

The defendant also filed the following affidavit:

"Henry Hindley being sworn, says, that the jury in the above entitled action, who rendered their verdict therein on December 26, 1872, resorted to the following method to arrive thereat: They agreed that each one of them should mark on a piece of paper the amount he thought the verdict should be, and that the several sums thus marked should be added together, and the total amount divided by twelve, and that the quotient, whatever it might be, should be their verdict without further consultation or discussion, and it was accordingly so done, and the result so arrived at was returned into Court as their verdict."

There was no affidavit filed to show that the defendant was in the jury-room while the jury were considering their verdict, or that he had any means of knowing what was done in the jury-room.

The defendant appealed from the judgment, and from an order denying a new trial.

The other facts are stated in the opinion.

*John C. Burch*, for the Appellant, argued that the plaintiff had mistaken his remedy; that he should have sued in equity.

*Buck & Stafford* and *G. W. Spaulding*, also for the Appellant.

The pretended verbal contract was void, because it was not by its terms to be performed within a year from the making thereof. A contract which cannot be fully performed within a year is within the provisions of the statute of frauds. (Hittell's Digest, Sec. 3,156; 1 Smith's Leading

Cases, 524; *Linscott* v. *McIntire*, 15 Maine, 201; *Hinckley* v. *Southgate*, 11 Vermont, 428; *Lockwood* v. *Barnes*, 3 Hill, 128; *Lower* v. *Winters*, 7 Cowen, 265; *Tuttle* v. *Swett*, 31 Maine, 555.)

*McElrath & Osment,* for the Respondent.

The contract was to be performed within a year. Nothing whatever was to be done by plaintiff or defendant after the expiration of the year to invest the former with ownership of the property.

By the Court, McKINSTRY, J.:

The evidence in respect to the terms of the agreement under which the cattle were divided was conflicting in a substantial degree, and the Court below was satisfied with the verdict. We do not feel authorized to set it aside.

The contract, as testified to by the plaintiff, was not in violation of the statute of frauds. All that was to be done under it was to be done within one year. There was no competent evidence of any misconduct on the part of the jury except the affidavit of the defendant, taken before Buck, the Notary Public. The District Court properly disregarded that affidavit because it could not be assumed, in the absence of any proof to the contrary, that the defendant was present in the jury-room, or had any personal knowledge of what took place there while the jurymen were considering their verdict. (*Turner* v. *Tuolumne County Water Company,* 25 Cal. 397.)

Judgment and order denying new trial affirmed.

Neither Mr. Justice RHODES nor Mr. Justice CROCKETT expressed an opinion.