[No. 12723.   In Bank.— December 26, 1888.]

## JOHN HUNT, RESPONDENT, v. J. S. ELLIOTT, APPELLANT.

VERDICT — DISCRETION OF JURY — SPECIAL FINDINGS — CROSS-COMPLAINT. — In an action for the recovery of money, the jury have discretion to render a general or special verdict. A general verdict in such action covers all the issues raised by the pleadings, including those raised by a cross-complaint for damages for breach of contract, and the answer thereto, and there is no necessity for special findings thereon.

MISCONDUCT OF JURY — AVERAGE VERDICT — AFFIDAVIT OF JUROR — COUNTER-AFFIDAVITS. — An affidavit of a juror stating that it was agreed among the jurymen that each one should mark down the sum that he thought proper to find in favor of the plaintiff, and against the defendant, and then divide the total amount of those sums by twelve, and that the result should be their verdict, does not state facts which make the verdict a chance verdict within the meaning of subdivision 2 of section 657 of the Code of Civil Procedure, and is inadmissible to impeach the verdict. The effect of such affidavit, if admissible, is met and overcome by counter-affidavits of two jurors, one of whom is the foreman, showing that when they agreed to divide the aggregate amounts by twelve, it was understood that they were not to be bound by the result, and that after the amount was so ascertained, the jurors unanimously agreed to adopt it as the sum to be returned.

APPEAL — REVIEW OF CONFLICTING EVIDENCE. — When the evidence is conflicting, the judgment will not be disturbed by the appellate court on the ground of insufficiency of the evidence to justify the verdict or other decision.

INSTRUCTIONS. — Instructions which are correct in law may properly be given to suit each party's theory of the case, if not misleading or actually conflicting.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The affidavit of H. S. Baer was offered in support of plaintiff's motion for a new trial, and stated "that he was one of the jurymen impaneled upon the trial of the above-entitled cause; that after the jury retired for the purpose of considering their verdict, they found they could not agree thereon, and that the jurors all agreed that each one should mark down the sum he thought proper to find in favor of the plaintiff, and against the defendant, and then to divide the total amount of those sums by twelve, the number of persons composing the jury, and that the result should be their verdict; and thereupon each one of the jurors did mark down the sum he thought proper to find in favor of the plaintiff, and against the defendant; and they did then and there divide the total amount of the sums so marked down by each one of the jurymen by twelve; that the result thus obtained was returned into court as the verdict of the jury, and was found in the manner above stated." Further facts are stated in the opinion.

*Bicknell & White,* for Appellant, cited as to misconduct of the jury *Wilson* v. *Berryman,* 5 Cal. 45; 63 Am. Dec. 78.

*Wells, Van Dyke & Lee,* for Respondent.

The general verdict is sufficient to cover all the issues. (Code Civ. Proc., sec. 625; *Hicks* v. *Coleman,* 25 Cal. 122.) There is no sufficient showing of misconduct of the jury. (Code Civ. Proc., sec. 659, subd. 1; *Turner* v. *Tuolumne County Water Co.,* 25 Cal. 397; *Wilson* v. *Berryman,* 5 Cal. 45; 63 Am. Dec. 78.)

BELCHER, C. C.—This action was brought to recover the sum of four hundred dollars, the agreed price for

erecting two wind-mills, pumps, tanks, etc. The defendant, by his answer, denied that plaintiff had performed the conditions of his contract, and by way of cross-complaint alleged that by reason of the plaintiff's failure to construct the works as agreed, he had been damaged in the sum of four hundred dollars, for which he asked judgment. The defendant answered to the cross-complaint, denying all of its material allegations. The case was tried by a jury, and a verdict returned for the plaintiff for the sum of $356. The defendant thereupon moved for a new trial upon the following grounds: 1. Misconduct of the jury in this, that one or more of the jury were induced to assent to the verdict by a resort to the determination of chance; 2. Insufficiency of the evidence to justify the verdict, and that it is against law; 3. Errors in law occurring at the trial and excepted to by the defendant.

The motion was denied, and the defendant appealed.

1. The objection that the verdict should be set aside because there were no special findings on the issues raised by the cross-complaint and the answer thereto cannot be sustained. The code provides that "in an action for the recovery of money only, or specific real property, the jury, in their discretion, may render a general or special verdict." (Code Civ. Proc., sec. 625.) This action was for the recovery of money only, and the verdict covered all the issues presented by the pleadings. There was no necessity, therefore, for special findings.

2. The point that the verdict of the jury was reached "by a resort to the determination of chance" is not well taken, for two reasons: 1. The affidavit of the juror Baer did not state facts which made the verdict a chance verdict within the meaning of subdivision 2 of section 657 of the Code of Civil Procedure, and it was therefore inadmissible to impeach the verdict; 2. Baer's affidavit was met and overcome by counter-affidavits of two other jurors, one of them being the foreman. (*Turner* v. *Tuol-*

*umne County Water Co.*, 25 Cal. 397; *Hoare* v. *Hindley*, 49 Cal. 274.).

In the case first cited, the court, by Sanderson, C. J., speaking of a similar alleged misconduct, and after reviewing the authorities, said: "But independent of authority, it is manifest that there is no element of chance in such a verdict. Each juror marks a sum which, in his judgment, represents the true amount of damages. Neither of the sums is the result of chance; on the contrary, each is the result of the judgment or will of the juror by whom it was marked. Neither is the aggregate of these sums, nor the quotient, resulting from a division of the aggregate by twelve, the result of chance, but, on the contrary, the result of the most accurate of the sciences. Thus, from the commencement to the end of the process, no quantity which enters into the final result is determined by a resort to chance." And in another part of the opinion it is said: "To ascertain this average, the jury may properly adopt the method which was used in the present case, but they ought not to agree to be bound by the result, whatever it may be. If they do so agree, and such result is made the verdict without further consultation or assent, such verdict is vicious and irregular, and must be set aside whenever the fact is made to appear by proper and competent evidence. If, on the contrary, they do not agree to be bound by the result, but reserve to themselves the right to dissent, such a proceeding is not irregular; and if afterward, upon consultation and discussion, they finally agree to adopt such result as their verdict, the verdict so found is good."

The counter-affidavits in this case show that all the jurors were in favor of returning a verdict for plaintiff, and that after considering the matter, each juror marked down the amount he was willing to allow; that no one of these amounts was less than $350; that they then agreed to divide the aggregate of these amounts by twelve, it

being understood, however, that they were not to be bound by the result; and that after the amount was so ascertained, the jurors unanimously agreed to adopt it as the sum to be returned.

3. The evidence introduced for the plaintiff was sufficient to sustain the verdict, while that introduced for the defendant was sharply in conflict with it. In such a case the rule is well settled that the judgment will not be disturbed by the appellate court, on the ground of insufficiency of the evidence to justify the verdict or other decision.

4. The instructions given to the jury stated the law of the case correctly, and we see nothing in them to mislead or confuse the jurors. The alleged conflict is seeming rather than real. The court properly gave instructions to meet each party's theory of the case. We find no material error in the record, and therefore advise that the judgment and order be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion. the judgment and order are affirmed.