PAWNEE DITCH AND IMPROVEMENT CO., PLANTIFF IN ERROR, v. JEFFERSON D. ADAMS, DEFENDANT IN ERROR.

1. VERDICT IMPROPERLY ARRIVED AT.—A verdict obtained by averaging the estimates of the individual jurors in pursuance of an agreement to be bound by the result, and returned into court without further consideration of the issues, should be set aside on motion, supported by satisfactory proof.
2. AFFIDAVITS OF JURORS COMPETENT TO PROVE MISCONDUCT.—Under the express provisions of the civil code the affidavits of jurors are competent to prove that a verdict was reached by the determination of chance.

*Error to County Court of Logan County.*

Messrs. J. P. BROCKWAY and E. M. SHERIDEN, for plaintiff in error.

Mr. CHARLES L. ALLEN, for defendant in error.

BISSELL, J. In November, 1889, after a trial by jury, Adams recovered a judgment against the Ditch Company for one hundred and sixty-two dollars and fifty cents. The action wherein the judgment was entered was brought to recover damages for the failure of the company to deliver water under a contract which they had made with him. The lack of water, according to the plaintiff's contention,

caused the destruction of his crops and the damages for
which he sued. After the verdict, a motion for a new trial
was made, based on the misconduct of the jury. The refusal
of the court to set aside the verdict for the alleged mis-
conduct is the only error relied on or discussed. The mis-
conduct was proven by the affidavits of two of the jurors.
During their deliberations the jury entered into an agreement
to severally put down an estimate of the damages, add these
sums together, divide by twelve and take the quotient as
their verdict. The proof was not disputed, and it clearly es-
tablishes an agreement to be bound by the result to be thus
obtained, which should remain the verdict without further
consideration of the issues which had been submitted.

Verdicts obtained in this manner have always been con-
demned by the courts, and almost universally set aside where
the fact has been satisfactorily established. Such verdicts
are condemned because they are the results, as the author-
ities put it, of chance and of lottery, rather than of the delib-
eration of the jurors. As well put in one case, "it substitutes
the fluctuating and uncertain hazards of the lottery for the
deliberate conclusions of their reflections and interchange of
views." *Parham v. Harney*, 6 S. & M. 55; *Lee v. Clute*, 10
Nev. 149; *Kennedy v. Kennedy*, 18 N. J. Law 450; *City of
Pekin v. Winkel*, 77 Ill. 56; *Dorr v. Fenno*, 12 Pick. 520.

The principal difficulty has been to decide what sort of
testimony should be received to establish this particular kind
of misconduct. The earlier rule at the common law, doubt-
less, was that affidavits of the jurors might be received for
the purposes of impeaching their verdict. In those adjudi-
cations little consideration seems to have been given to the
determination of what matters were susceptible of that kind
of proof. The later decisions, which permit the affidavits of
jurors to be used in impeaching their verdict, restrict this
right to proof of what may be said not to inhere in the ver-
dict, and to be evidence of something which does not pertain
to the substance of their deliberations. The objection to the
nature and character of the proof begot much difficulty, and

sometimes, as in the case of *Hoare v. Hindley*, 49 Cal. 274., the court declined to consider an absolute affidavit showing the rendition of such a verdict, because it would not assume that the affiant had or could rightfully have any knowledge upon the subject. We are relieved, however, of this difficulty, and are not compelled to determine whether according to the weight of authority affidavits of jurors may be received for this purpose, because the code in section 193 has distinctly provided that such misconduct may be proven by the affidavits of the jurors. When it is conceded that a verdict thus arrived at is obtained by chance, within the legal definition of that word as applied to matters of this description, the statute, by its express terms, renders such proof entirely competent. The verdict in this case was obtained by chance, and this fact was sustained by competent testimony.

The authorities very generally agree, that when a verdict is obtained in this manner it cannot be permitted to stand. The objection is not so much to the result as to the vicious agreement which preceded it. The difficulties which juries experience in arriving at a conclusion in cases where the damages to be assessed are unliquidated, and to be measured by what may be gathered from the varying opinion of witnesses, have led the courts to permit these verdicts to stand whenever the proof has satisfied them that the finding has subsequently been voted on and accepted by the jury as the legitimate expression of their deliberations. In most cases very little proof in this direction has been required, but when, as in this case, there was clear proof that the jury agreed before the result was ascertained to be bound by the quotient, whatever it might be, and the agreement was afterwards carried out, and there was no subsequent consideration of the amount or of the conclusion, the courts have always set the verdict aside. *Boynton v. Trumbull*, 45 N. H. 408 ; *Johnson et al. v. Perry*, 2 Humph. 569; *Hamilton v. Des Moines Valley R. R. Co.*, 36 Iowa 31; *Wright v. Ill. & Miss. Telegraph Co.*, 20 Iowa 195; *Illinois Central R. R. Co. v. Able,*

59 Ill. 131; *Heath v. Conway*, 1 Bibb 398; *Dana v. Tucker*, 4 Johnson 487.

For the error committed by the court in its refusal to set aside the verdict this case must be reversed and remanded.

*Reversed.*