## DIXON v. PLUNS.*

### No. 14,429; January 11, 1893.

#### 31 Pac. 931.

**Trial.—A Verdict Arrived at by Adding Together** the amounts thought by each juror to be a just verdict, and dividing the sum by twelve, will be set aside.

**Negligence—Tool Falling from Building.—While Plaintiff was Walking** on the sidewalk of a public street, an employee of defendant, who was repairing a building overhead, let fall a chisel, which struck plaintiff on the head, inflicting a serious injury. Held, that this established a prima facie case of negligence on the part of defendant, and a nonsuit was properly denied.

APPEAL from Superior Court, City and County of San Francisco; Eugene R. Garber, Judge.

Action by Katie E. Dixon against William J. F. W. Pluns to recover damages for personal injuries inflicted through the alleged negligence of an employee of defendant. From a judgment for plaintiff, defendant appeals. Reversed.

H. C. Firebaugh for appellant; Nagle & Nagle for respondent.

GAROUTTE, J.—Respondent, while walking upon the sidewalk of Larkin street, in the city of San Francisco, was struck

---

*For subsequent opinion in bank, see 98 Cal. 384, 35 Am. St. Rep. 180, 20 L. R. A. 698, 33 Pac. 268.

upon the head, and quite seriously injured, by a chisel which fell from a scaffolding above, upon which one of the appellant's employees was standing while engaged in affixing a cornice to the building. Damages were recovered in the lower court, and this appeal is from the judgment and order denying a new trial.

Appellant moved for a new trial upon the ground of misconduct of the jury, in this: that they arrived at their verdict by a resort to the determination of chance. The code expressly provides that such misconduct may be shown by the affidavits of jurors (Code Civ. Proc., sec. 657); and, in support of the motion, appellant presented the affidavit of one Koster, a juror, wherein he stated "that, upon retiring to the jury-room, the twelve jurors first agreed by a vote that the average sense of the jurors should control in arriving at what the verdict should be, and then the twelve jurors agreed to be controlled by their vote, and voted that the said average sense of the jurors should be arrived at in the manner following, namely, by each individual juror writing on a piece of paper what he would fix the verdict at, and that the sums so written should then be added together, and the aggregate divided by twelve, and that the amount resulting should be taken as the average sense of the jurors, and be put in the verdict accordingly; and thereupon said plan was carried out," etc. Courts have not been astute in perceiving sufficient error to set aside verdicts upon the grounds here relied upon, and evidence sustaining the verdict has been generally favored; but upon this motion no opposing affidavits were offered, and the merits of the contention rest alone upon the sufficiency of the statement of facts above recited. Reduced to its lowest terms, the affidavit plainly discloses that the verdict was the result of a previous agreement, and was arrived at upon the basis that the amount of the verdict should be the quotient resulting from a division wherein twelve was the divisor, and the sum of the various amounts thought to be a just verdict by the respective jurors the dividend. The calculation was made in pursuance of a prior agreement that the result should be the verdict; and that result was adopted as the verdict, not upon further consideration of the jury, and upon the determination that such amount formed a just and proper verdict, but it was adopted in pursuance of the prior "agreement." The de-

cisions of our courts clearly indicate that they do not countenance such procedure, and the verdict must be set aside. This question is reviewed, and the authorities collated, in the recent case of Pawnee etc. Improvement Co. v. Adams, 1 Colo. App. 250, 28 Pac. 662, where it is said: "As well put in one case, 'it substitutes the fluctuation and uncertain hazards of the lottery for the deliberative conclusions of their reflections and interchange of views.' " It was said by this court, in Turner v. Water Co., 25 Cal. 397 : "To ascertain this average, the jury may properly adopt the method which was used in the present case, but they ought not to agree to be bound by the result, whatever it may be. If they do so agree, and such result is made the verdict without further consideration or assent, such verdict is vicious and irregular, and must be set aside whenever the fact is made to appear by proper and competent evidence." This language is quoted with approval in the recent case of Hunt v. Elliott, 77 Cal. 591, 20 Pac. 132. In that case it was held that the affidavit of the juror was insufficient in its statement of facts to defeat the verdict. The court failed to specifically indicate wherein the defects existed, and we now are unable to perceive them; but the judgment sustaining the verdict was clearly right upon the second ground stated, and might well have been supported upon that ground alone. As to the affidavit now under consideration, as already suggested, we are satisfied it presents a state of facts that demands a retrial of the case. As the cause must be returned to the lower court for further proceedings, we pass to an examination of some additional matters.

The motion for a nonsuit was properly denied. Upon the evidence we cannot say that the respondent was guilty of contributory negligence in walking upon the sidewalk at the time the injury was inflicted. She had a right to be there, and had no sufficient reason to anticipate danger from overhead. Respondent's evidence also established a prima facie case of negligence upon the part of appellant. Conceding the rules of evidence as between master and servant to be as intimated in Madden v. Steamship Co., 86 Cal. 448, 25 Pac. 5, still that case is not this case. Respondent was walking upon a public thoroughfare. An employee of appellant, while engaged in repairing a building overhead, let fall a chisel, which inflicted the injury. Those facts constitute a prima facie case, for the

47

presumption of negligence upon the part of the employee flows therefrom, and authorities are ample to support this principle of law. As to common carriers this doctrine is fully discussed and adopted in the case of Boyce v. Stage Co., 25 Cal. 460, where Chief Justice Sanderson said: "The argument places the burden of explanation upon the shoulders of the plaintiff, but, unfortunately for the argument, the law places it upon the shoulders of the defendant." · This case was approved in Treadwell v. Whittier, 80 Cal. 583, 13 Am. St. Rep. 175, 5 L. R. A. 498, 22 Pac. 266, a case of injury by the falling of an elevator; the court holding that the rule applied to common carriers was equally applicable to the owner of an elevator. It is there said: "In this case the plaintiff was only called on to show that he was hurt by the breaking of the machinery of the elevator, by which he was injured. When this is done, he has made out a case on which, there being no other evidence introduced, he has a right to recover." The application of the principle of presumption of negligence from the facts and circumstances of the accident apply to the present case as entirely and fully as to the preceding citations. No sound reason can be advanced to the contrary. Upon principle there is no distinction. This question is carefully considered, and the authorities reviewed, in Mullen v. St. John, 57 N. Y. 567, 15 Am. Rep. 530. In that case the wall of a building fell upon a traveler in the street. The court held that a presumption of negligence arose from the fact of the building falling. In Lyons v. Rosenthal, 11 Hun, 46, the injury arose from the falling of a box of goods from the story above, and it was held that negligence would be presumed. In support of this doctrine the court cited various English authorities, which upon their facts stand upon common ground with the case at bar: See Kearney v. Railroad Co., L. R. 5 Q. B. 411; Byrne v. Boadle, 2 Hurl. & C. 722; Scott v. Dock Co., 3 Hurl. & C. 596. The true rule recognized by the authorities as pertaining to this class of accidents is: "Where the thing is shown to be under the management of the defendant or his servants, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care": Shearman and Redfield on

Negligence, sec. 60.    Let the judgment and order be reversed, and the cause remanded for a new trial.

I concur: Paterson, J.

HARRISON, J.—I concur in the judgment of reversal upon the first point discussed in the opinion of Mr. Justice Garoutte.    I also concur in holding that the court properly refused a nonsuit.    But I do not concur in that portion of the opinion which holds that the liability of the defendant is to be determined by the same rules which determine the liability of common carriers of passengers.    Their relation to a passenger is such that, upon the proof of an injury sustained by him while being carried, negligence is presumed, and the burden of exonerating itself from liability is thrown upon the carrier: Bush v. Barnett, 96 Cal. 202, 31 Pac. 2.    In the present case, however, there was no contractual relation between the plaintiff and the defendant, and as the liability of the defendant is predicated solely upon his negligence, it was essential for the plaintiff to present some evidence tending to establish such negligence before she was entitled to recover: Wharton on Negligence, sec. 421.    "It is believed that it is never true, except in contractual relations, that the proof of the mere fact that the accident happened to the plaintiff, without more, will amount to evidence of negligence on the part of the defendant": Thompson on Negligence, p. 1227.    See, also, Cosulich v. Oil Co., 122 N. Y. 123, 19 Am. St. Rep. 475, 25 N. E. 259; Huff v. Austin, 46 Ohio St. 386, 15 Am. St. Rep. 613, 21 N. E. 864.

When the plaintiff rested her case she had, however, presented sufficient evidence to establish a prima facie case of negligence on the part of the defendant.    She was, at the time of receiving the injury, traveling upon the public highway— a place in which she had the right to be—and the defendant was engaged in the lawful occupation of constructing a building fronting upon the street.    While thus engaged, he was compelled, more or less, to obstruct the free use of the street; but as this obstruction was for his own convenience, and was an interference with the rights of others, it imposed upon him the duty of exercising such care and caution in the performance of his work as would not interfere with the safety of those who had the right to use the street; and any omission

on his part to observe this duty was such negligence as would render him liable for any injury resulting therefrom. Inasmuch, therefore, as there was evidence presented by the plaintiff tending to show that the accident to her was caused by the falling of a chisel from the scaffolding of the building, and that the chisel was that of one of the employees of the defendant, who had the control of the construction of the building, there were circumstances before the court which would authorize an inference of negligence on the part of the defendant, and which threw upon him the burden of disproving the same (Shearman and Redfield on Negligence, sec. 58) ; and the court was not authorized to withdraw the determination of this question from the jury.