Bissell, P. J.
Duff sued the city of Colorado Springs to recover damages for injuries caused by the city’s negligence in failing to care for one of its streets. The cause was tried to a jury and Duff had a verdict for $950 on which, after the overruling of a motion for a new trial, judgment was entered and therefrom the city prosecutes this appeal.
The appeal is wholly based on what are alleged to have been irregularities on the part of the jury in arriving at a verdict. The motion is supported by the affidavits of two jurors who substantially testified that the jurymen marked on slips the amount of the verdict which they thought the plaintiff ought to get, and agreed that they would put these slips in a hat, divide the sum total of the result by six, and that" the quotient should be the verdict. Of course if this was true the verdict would necessarily be vitiated by this misconduct. Not only are the authorities uniform on the question, but the appellate courts of this state have decided the same proposition. They nearly all agree, however, as do our own cases, that where there is no antecedent agreement, or if after the slips are put in the hat, the sums added and the quotient ascertained, the jury proceed to discuss and consider the propriety of the rendition of a verdict for an amount equal to the quotient, then the verdict will be good. In other words, the principle on which the cases proceed is that where the matter of the verdict is left wholly to chance, it cannot be permitted to stand. Wherever the suit is for unliquidated damages and the jury find great difficulty in arriving at a conclusion and they resort to this scheme to get at a result, and they do not antecedently agree, or if they do agree, they subsequently discuss the question, and the court can see that the verdict is really the result of deliberation and discussion, the verdict will be upheld. Courts go a long ways to sustain verdicts under these circumstances. We do not *439 need to refer to more than two cases to support the principle by which the judgment must be determined. Pawnee Ditch & Improvement Co. v. Adams, 1 Colo. App. 250; Knight v. Fisher, 15 Colo. 176.
The trouble with the appellant’s case is that the court below found the facts against him, in other words, the court found that the matter was not left to chance, and on the weight of the testimony we are inclined to agree with the court. Four of the jurymen swore that there was no antecedent agreement, that the quotient should be the verdict, but they took that means to see if they could arrive at some common basis on which they could agree. The four testified that after a quotient was ascertained it was less than $950, and they discussed the matter, and finally agreed on a verdict for the lump sum of $950. Certainly in numbers and so far as we can see m weight, the testimony is with the appellee, and the majority of the jurymen support the verdict by distinct and specific testimony to the point that there was no agreement that the quotient should be the verdict; that the matter was not left to chance, but was the result of discussion and consideration, and this being true, the verdict is under all the authorities good.
The judgment of the court.below is in accord with these views, and will therefore be affirmed.

Affirmed.