## ULRICK v. DAKOTA LOAN & TRUST COMPANY.

1. There is, as incident to land in its natural condition, a right to support from the adjoining land, and if land not subject to artificial pressure sinks or falls away in consequence of the removal of such support, the owner may have an action for damages against the party thus removing such support.
2. This right of action does not depend upon negligence or unskillfulness, but upon the violation of the right of property which has been thus invaded and disturbed.
3. As this right of lateral support is incident only to the land itself, in its natural condition, and without the superadded weight of improvements, the damages recovered for the simple withdrawal of such support are limited to the injury to the land itself.
4. But the law requires of every man that he shall so use his own property as not unnecessarily to injure that of his neighbor; and so, if in making the excavation, which he has a right to make, he do it in a wrongful and neglectful manner, he will be liable for the full consequences of his acts,—not only for injury to the soil itself, but to the improvements or superstructure thereon.
5. Where the excavation is made carefully, and with proper regard for the rights of the adjoining owner, and injury ensues. the measure of damages is the diminution of the value of the land in consequence of such excavation,—not the cost of restoring the lot to its former condition; and where, in consequence of the added element of negligence in making the excavation, the damages recoverable extend to buildings as

well as soil, the rule of damages should be the same, to-wit, the diminished value of the property injured, and not the cost of repairing it.

6. Giving notice of his intention to excavate as required by Section 2784, Comp. Laws, does not relieve the party making such excavation of his duty to do the work in a careful and prudent manner, nor release him from liability for damages for doing it in a careless and imprudent manner.

7. Affidavits of jurors are not admissible to impeach their verdict on the ground that the same is what is known as a "quotient verdict." Murphy v. Murphy, (S. D.) 47 N. W. Rep. 142, followed, as to the meaning and effect of Section 5088, Comp. Laws.

[Syllabus by the Court. Opinion filed Oct. 20, 1891.]

Appeal from circuit court, Codington county. Hon. J. O. ANDREWS, Judge.

Action by E. H. Ulrick against the Dakota Loan and Trust Company for damages to plaintiff's building, caused by defendant excavating and removing the earth from the lot adjoining the lot on which plaintiff's building stood, which plaintiff alleged was done wrongfully and negligently and without notice to him, thereby causing his building and the stone walls thereunder to sink and give way, racking and displacing the entire interior structure of said building. Defendant answered denying all the allegations of the complaint in respect to the excavation, and alleging that all the excavation for its said building was done by a competent, skillful and prudent contractor. Plaintiff had judgment. Defendant appeals. Affirmed.

The facts are fully stated in the opinion.

*Glass & Van Buskirk* for appellant.

The trial court erred in instructing the jury that the plaintiff could recover for the damages to his building and land and that the measure of damages was the diminution in value of the plaintiff's property. The proper measure of damages applicable to the case at bar is the value of the thing destroyed. 3 Sutherland Dam. 368; Thurston v. Handcock, 12 Mass. 220; McGuire v. Grant, 25 N. J. L. 356; Moellering v. Evans, 22 N. W. 989; 2 Washburn Real Prop. 380; Whitbeck v. Railroad, 36 Barb. 447; Clink v. St. Clair, 24 Mich. 508; Sutherland on Dam. pp. 417, 418. The evidence shows no injury to the land.

The evidence shows that the acts complained of were not the acts of the defendant but of independant contractors and therefore the defendant is not liable.    Ashton v. Nolon, 63 Cal. 274; Scammon *et al.* v. City of Chicago, 25 Ill. 369; McGuire v. Grant, 25 N. J. L. 369; Cuff's Adm'x v. Railroad, 35 N. J. L. 23.

The doctrine that the owner of land has the right to lateral support from the adjoining soil applies only to land in its natural state, and does not extend to cases where the owner of the land has by buildings or other artificial erections increased the lateral pressure.    Where the owner of land builds upon his boundary line and the building is thrown down by reason of excavations made upon the adjoining lot in the absence of improper motive or carelessness no liability arises.    Thurston v. Handcock, 12 Mass. 220; McGuire v. Grant, 25 N. J. L. 356; Lasala v. Holbrook, 25 Am. Dec. 524; Moody v. McClelland, 84 Id. 771; Aston v. Nolan, 63 Cal. 269; § 2784 Comp. Laws.

The verdict of the jury must be vacated and a new trial granted because of the misconduct of the jury, in having been induced to assent to the verdict rendered "by a resort to a determination of chance."    Subdiv. 2, § 5088, Comp. Laws. Verdicts not the deliberate judgment of the juries are chance verdicts.    Thompson on Trials, vol. 2, § 2603; Warner v. Robinson, 1 Root, 195; Parham v. Harney, 6 Smed. and M. 55; I. C. R. R. Co. v. Able, 59 Ill. 133; Fain v. Goodwin, 35 Ark. 109; Hunter v. State, 8 Tex. App. 75; Wright v. Ill. & C. Tel. Co., 20 Iowa, 195; Fuller v. Chicago & C. R. Co., 31 Iowa, 211; Perry v. Bailey, 12 Kan. 539; Crawford v. State, 24 Am. Dec. 476; Ellege v. Todd, 34 Am. Dec. 617; Turner v. Tuolumne Co. W. Co., 25 Cal. 398.

*Seward & Stover* for respondents.

The measure of damages to real estate is the amount of injury directly resulting from the act complained of, that is, the diminished value of the property, or of the plaintiff's interest in it, and not the cost of restoring the premises to their original condition.    Sedg. Meas. of Dam. 134; 3 Suth. Dam., 372, 373; Field Dam. § 734; 4 Waits A. & D., 714; Railroad v. Scho-

field, 72 Tex. Sup. Ct 496, 10 S. W. 575; 3 Suth. Dam. 372, 373, 368.

Plaintiff's complaint states a good cause of action for negligence in excavating adjacent soil. Richardson v. Vermont Cent. R'y Co., 25 Vt. 465; 60 Am. Dec. 283; Charless v. Rankin, 22 Mo. 566.

It is a general principle of the common law, that the owner of real property is bound to so control its use as not to produce injury to others. Earle v. Hall, 2 Met. 353. Negligence is a question of fact for the jury to determine. Gage v. Vetter, 41 Ind 228; Smith v. O'Connor, 48 Penn. St. 218; Johnson v, Bruner, 61 Pa. St. 58; Village of Jefferson v. Chapman, 127 Ill. 438; City of Kinsley v. Morse, 40 Kan. 597.

To maintain the common law action for injury to land proper, in its natural state, it is not necessary that the element of negligence or a lack of reasonable precaution should appear. But in this action, brought under Sec. 2784, Comp. Laws, negligence must be pleaded and established. 3 Suth. Dam. 418; Cooley on Torts, 595; 4 Waits A. & D. 691; Panton v. Holland, 17 Johns. 92; Foley v: Wyeth, 2 Allen, 131; 79 Am. Dec. 771; Richardson v. Vermont Cent. R'y Co., 25 Vt. 465; Gilmore v. Driscoll, 122 Mass. 199; Charless v. Rankin, 22 Mo. 566; Aston v. Nolan, 63 Cal. 274. The right of action is not confined to the recovery of damages for the land proper, but extends to the recovery of injury to improvements as well, if negligence is pleaded and proven. 4 Waits A. & D., 692; 3 Suth. Dam. 418; Cooley on Tort, 595; Baltimore, etc., R'y Co. v. Reaney, 42 Md. 117; Shrive v. Stokes, 8 B. Monroe, 453; 48 Am. Dec. 401; Panton v. Holland, 17 John. 92; Gilmore v. Driscoll, 122 Mass. 199; Hay v. Cohoes Co., 2 N. Y. 159; Aston v. Nolan, 63 Cal. 274; Moellering v. Evans, 22 N. E. 989.

A verdict which is arrived at by each one of the jurymen marking such sum as he thinks proper, and then adding the several sums together and dividing the total by twelve, and making the quotient the verdict, is not a chance verdict under our statute. § 193 Practice Act; Boyce v. The California Stage Co., 25 Cal. 460; Turner *et al.* v. The Tuolumne Co. Water Co.,

25 Cal. 398; Polhemus v. Heinman, 50 Cal. 438; Hunt v. Elliott, 77 Cal. 588.

A statute adopted from a sister state, or from England, which has received, settled and uniform construction by the courts of the country from which it has been taken, must be given a similar construction by the state adopting it. Munson v. Hallowell, 26 Texas, 475; Frankland v. Hallowell, Id. Ballance v. Rankin, 12 Ill. 420; Rigg v. Wilton, 13 Ill. 15; Mynck v. Hasey, 27 Me. 9.

Affidavits of jurors will not be received to impeach or contradict their verdict, but may be received in support of or to substantiate it. Taylor v. Garnett, 11 N. E. 309; International & G. N. R. Co. v. Gordon, 11 S. W. 1033; Boyce v. Cal. Stage Co., 25 Cal. 460; Withers v. Fiscus, 40 Ind. 131; Grayham & Waterman New Trials, 1429; Meade v. Smith, 16 Conn. 346; Hunt v. Elliott, 77 Cal. 588; Elam v. Commercial Bank, 9 S. E. 498; State v. Morris, 6 So. 639; Hayne New Trial and Appeal, §§ 73 and 74.

KELLAM, P. J. The respondent was and is the owner of a parcel of ground in the city of Watertown, S. D., upon which was and is situated a "two-story business building with solid brick walls, and basement with solid stone walls." During the same time appellant was the owner of the ground adjoining respondent's on the west.

In the summer of 1887, preparatory to the erection and construction of a building by appellant on its said land, an excavation was made thereon for cellar and foundation walls. It is claimed by respondent that such excavation was done by appellant wrongfully and negligently, and without giving any notice to plaintiff of its intention to make the same; that it so excavated the land adjacent and contiguous to respondent's said land, and the said building situate thereon, and removed the earth therefrom, without leaving sufficient lateral support for respondent's said land and building, and did wrongfully and negligently excavate the land and soil from below and beneath the stone basement wall of respondent's said building without

leaving sufficient support for respondent's said land and building; that such excavation was made without using proper and ordinary care and skill, and without taking reasonable precaution to sustain the respondent's said land and building; that by reason thereof the stone wall under said building sank and gave away, thereby racking and injuring the said building. Appellant denies all the allegations of the complaint in respect to the excavation, and alleges affirmatively that all the excavation for its said building was done by a competent, skilfull, and prudent contractor, under a contract that he should erect the walls and foundations, and make all the necessary excavations, changes, and alterations, and removals of earth necessary for that purpose, for a certain building to be erected upon appellant's land adjoining that of respondent on the west side thereof, and that during all the time of such excavation the said premises were in the exclusive possession and control of said contractor, and all of said work done by the direction and under the control of said contractor, and not of appellant. Upon the trial before a jury, respondent recovered a verdict of $1,233. Appellant moved for a new trial on the following grounds: (1) Misconduct of the jury in resorting to the determination of chance upon the question of damages; (2) excessive damages; (3) insufficiency of the evidence to justify the verdict, and that the verdict is against law; and (4) errors of law occurring at the trial, and duly excepted to. Upon the hearing the motion for new trial was overruled on condition that respondent should remit $233 of the damages, which he did, and judgment was entered for $1,000. This appeal is from the order overruling the motion for new trial.

The assignments of error are very numerous, but may be considered subjectively under four propositions: (1) Appellant's liability under the allegations of the complaint, and the evidence tending to support the same; (2) the effect of appellant's allegation, and the evidence thereunder, that the excavation complained of as the cause of the injury was not the work of appellant, but of an independent contractor; (3) the proper

rule and measure of damages; and (4) the alleged misconduct of the jury.

Appellant and respondent were coterminous owners of the parcels of land upon which, respectively, the injured building was situated, and upon which the excavation was made which is claimed to have caused the injury. A fundamental question in this case is the extent of appellant's right to excavate upon its own soil, and adjoining respondent's foundation wall, and under what conditions it would be liable for damages resulting therefrom. There is, as incident to land, in its natural condition, a right to support from the adjoining land, and if land not subject to artificial pressure sinks or falls away, in consequence of the removal of such support, the owner may have an action for damages against the party thus removing such support. Moellering v. Evans, 121 Ind. 195; 22 N. E. Rep. 989; McGuire v. Grant, 25 N. J. Law, 356; Transportation Co. v. Chicago, 99 U. S. 635; 3 Suth. Dam. pp. 417, 418; 2 Washb. Real Prop. p. 380. This right of action does not depend upon negligence and unskilfullness, but upon the violation of the rights of property which has been thus invaded and disturbed. Foley v. Wyeth, 2 Allen, 131; Panton v. Holland, 17 Johns, 92; 2 Washb. Real Prop., *supra.* As its right of lateral support is incident only to the land itself, in its natural condition, and without the superadded weight of improvements, the damages recovered in an action for the simple withdrawal of such support are limited to the injury to the land itself. Thurston v. Hancock, 12 Mass. 221; Gilmore v. Driscol, 122 Mass. 199; Farrand v. Marshall, 19 Barb. 380; Cooley, Torts, p. 594. But it is well settled that the withdrawal of such lateral support may be done in such a manner as to create a liability beyond the injury to the land simply. The law requires of every man that he shall so use his own property as not unnecessarily to injure that of his neighbor. If, therefore, in making the excavation which he has a right to make, he do it in a wrongful, negligent, or reckless manner, he will be liable for the full consequences of his acts, —not only for injury to the soil itself, but to the improvements or superstructures thereon. Quincy v. Jones, 76 Ill. 241; Foley

v. Wyeth, *supra;* Charless v. Rankin, 22 Mo. 566; Dorrity v. Rapp, 72 N. Y. 307; Cooley, Torts, p. 595. In this case the complaint alleges that the excavation complained of was done wrongfully and negligently," and "without using proper and ordinary care and skill." The question of negligence and want of care was one of fact. The evidence upon those questions went to the jury under instructions which we think fairly stated the law upon that subject. They found with the plaintiff, and, as there was at least some evidence tending to support such finding, we cannot question its correctness.

The negligence of appellant in making such excavation being established, the court adopted and gave the jury the proper rule as to damages, towit, the diminution of value of the property injured as the direct and legitimate result of such negligence and want of care. Where the excavation is made carefully, and with proper regard for the rights of the adjoining owner, and injury ensues, the measure of damages is the diminution of the value of the land in consequence of such excavation, not the cost of restoring the lot to its former condition. 3 Suth. Dam. 373; McGuire v. Grant, 25 N. J. Law, 356; Gilmore v. Driscoll, 122 Mass. 199. And where, in consequence of the added element of negligence in making the excavation, the damages recoverable extend to buildings as well as soil, we think the rule of damages should be the same, towit, the diminished value of the property injured, and not the cost of repairing it. In this connection may be noticed appellant's objection to the court's charge to the jury, that, although they might find that appellant gave respondent timely notice of its intention to excavate, still respondent might recover if they found that appellant made the excavation in a negligent and careless manner. Section 2784, Comp. Laws, reads thus: "Each coterminous owner is entitled to the lateral and subjacent support which his land receives from the adjoining land, subject to the right of the owner of the adjoining land to make proper and usual excavations on the same for purposes of construction, on using ordinary care and skill, and taking reasonable precautions to sustain the land of the other, and giving

previous reasonable notice to the other of his intention to make such excavations." It is not believed that this section was designed to create a new rule of law. It requires, as the law previously required, that a party about to make an excavation which may affect the lateral support to which his neighbor's land is entitled, shall do it carefully, and with reasonable precaution against damage to his neighbor. Giving timely notice of his intention is not a full discharge of his duty in this respect, however. He must still do the work with ordinary care and skill. The notice is intended to give his neighbor time and opportunity to strengthen his foundations, or otherwise protect himself against damage from such excavation, if done in a careful and skilfull manner. Simply giving the notice does not leave him at liberty to do the work in a careless and negligent manner, nor release him from liability for damages resulting therefrom.

Appellant further resists its liability on the ground that the excavation complained of as the cause of the injury was not done by it, but by an independent contractor, under an agreement to do the work carefully and skilfully, and who alone was responsible for injury resulting from doing it in a negligent and unskilfull manner. We have read the evidence in the case with considerable attention, and are satisfied that the negligence and want of care found by the jury was in allowing the water to flow from the streets and gutters into the cellar and into a trench for the footing course of appellant's foundation wall, dug by appellant's servants, and all this occurred, as we read the evidence, after the work of the contractor was completed, so that appellant, and not the contractor, would be responsible, and the legal question presented by appellant is not in the case.

The other ground upon which a new trial was claimed, was the misconduct of the jury in the method of arriving at their verdict. The affidavits of a number of the jurors who tried the case stated that, pursuant to an agreement made after retiring to consider ther verdict, they added together the different amounts which each juror thought plaintiff ought to recover,

divided the aggregate by 12, and returned the quotient as their verdict. This is denied by the affidavits of other jurors. In Murphy v. Murphy, (S. D.) 47 N. W. Rep. 142, this court considered the question of the admissibility of juror's affidavits to impeach their verdict, as affected by Section 5088, Comp. Laws, and assented with some reluctance to the conclusions of the California supreme court, from which state the section was imported, as to its effect and construction. In Boyce v. Stage Co., 25 Cal. 460, and in Hunt v. Elliott, 77 Cal. 588, 20 Pac. Rep. 132, that court held that a verdict arrived at as charged by the attacking affidavits in this case was not, within the meaning of said section, a chance verdict, and could not be impeached by the affidavits of jurors.

Testing the errors assigned by     se           law, as we understand them, and as here          ., we find no error in the record, and the judgment         circuit court is affirmed. All the the judges concurring.

Reporter: An application for a rehearing was made and denied in this case. The opinion in which the rehearing was denied is found in 51 N. W. 1023.