Vivian McVAY, Appellee,

v.

ROLLINGS CONSTRUCTION,
INC., Appellant.

No. 71323.

Supreme Court of Oklahoma.

Oct. 8, 1991.

As Corrected Oct. 16, 1991.

David W. Phillips, Sand Springs, for appellee.

Chappel, Riggs, Abney, Neal & Turpen by Richard Davis, Tulsa, for appellant.

HODGES, Vice Chief Justice.

The parties in this case filed a joint statement of the facts as presented at trial. Appellant, Rollings Construction, Inc. (Rollings), entered into a contract with the City of Sand Springs, Oklahoma (City). Rollings agreed to replace portions of the City's main sewer line, connections of sewer lines from houses of adjoining property owners to the main sewer line, and the portion of the sewer line between the connection to the main sewer line and the property line of the adjoining property owner.

Some of the private sewer line connections were indicated on the City's construction plans. Rollings knew that not all of the connections were shown on the plans. The connections which were indicated on the plans were to be verified and replaced, as were the connections which were discov-

**1332**

ered during construction. In most cases when a private sewer line connection was not discovered and replaced, the property owner discovered the stoppage before the construction crew left the job site. The connection would then be replaced. Rollings would indicate on a set of plans the connections which were replaced.

Rollings replaced the portion of the City's main sewer line adjoining the property of appellee, Vivian McVay (McVay), during December, 1985. McVay's sewer service connection was not marked on the City's construction plans, and its existence was not discovered during the replacement of the main sewer line. McVay's sewer line connection was not replaced.

In July, 1987, McVay began to have sewer problems and called a plumber to make repairs. The plumber discovered that the sewer line from the McVay house was not connected to the main line. The plumber made the necessary repairs. The parties agree that the $1,500 for the repairs was reasonable.

On April 11, 1988, McVay filed this negligence suit. Applying the discovery rule,[1] the trial court found that the statute of limitations had not run at the time the suit was filed and that Rollings was negligent as a matter of law. The Court of Appeals reversed finding that the statute of limitations had run.

Rollings argues that the cause of action is barred by the statute of limitations[2] because the failure to reconnect the sewer line occurred more than two years prior to the filing of this action. It is undisputed that subsection 3, section 95, title 12 of the Oklahoma Statutes states the applicable statute of limitations. In support of his contention that the statute of limitations has run, Rollings contends that the statute requires that the "rule of injury"[3] be applied rather than the "rule of discovery."

"As a general rule, mere ignorance of the existence of a cause of action or the facts constituting a cause of action on the part of the plaintiff will not toll the running of limitations."[4] However, this Court has been willing to utilize the discovery rule when to do so would not offend its purpose. This Court has applied the discovery rule in cases involving medical malpractice,[5] damages to realty caused by pollution of a stream,[6] damage to realty caused from an oil well,[7] and damage from the negligent installation of electrical wiring.[8] Other cases applying Oklahoma's discovery rule include actions involving negligent exposure to an infectious disease[9] and products liability.[10] Rollings argues that the discovery rule should not be applied in the present case because the cause of the harm was abatable and the damage was immediate and permanent.

1. "The 'discovery rule allows limitations in tort cases to be tolled until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury.'" *Reynolds v. Porter,* 760 P.2d 816, 820 n. 8 (Okla.1988).

2. Okla.Stat. tit. 12, § 95 (1981) provides:
Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards.... Within two (2) years: An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud.

3. Under the "rule of injury" the statute of limitations begins to run immediately when an injury occurs.

4. *Williams v. Borden, Inc.,* 637 F.2d 731, 734 (10th Cir.1980).

5. *Seitz v. Jones,* 370 P.2d 300 (Okla.1962).

6. *Continental Oil Co. v. Williams,* 207 Okla. 501, 250 P.2d 439 (1952).

7. *Harper–Turner Oil Co. v. Bridge,* 311 P.2d 947 (Okla.1957).

8. *Smith v. Johnston,* 591 P.2d 1260, 1263–64 (Okla.1979).

9. *Sloan v. Canadian Valley Animal Clinic, Inc.,* 719 P.2d 474 (Okla.Ct.App.1985).

10. *Williams v. Borden, Inc.,* 637 F.2d 731 (Okla. Ct.App.1980).

The present case is similar to *Smith v. Johnston.*[11] In *Smith*, the plaintiff's house was wired for electricity by the defendant. The plaintiff was unaware the defendant improperly wired his house and of the potential danger until he undertook to add more lighting and hired a different contractor. In carrying out his work, the second contractor found cause to notify the city electrical inspector. The city inspector found that the wiring was a "great danger to property" and "a fire hazard." The plaintiff abated the danger by replacing the wire. This Court held that, because the plaintiff's failure to discover the injury was not a result of negligence on his part, title 12, section 95, subsection 3 did not prevent the plaintiff from recovering. In reaching the holding, this Court adopted the reasoning of *Seitz v. Jones.*[12] In *Seitz*, this Court said:

> [T]he legislative policy in prescribing a period of limitations for the commencement of actions may well be borne in mind.... The underlying purpose of statutes of limitations is to prevent the unexpected effort at enforcement of stale claims concerning which persons interested have been thrown off their guard by want of prosecution for a long time.[13]

■ This reasoning is equally applicable to the present facts.[14] McVay's failure to discover the injury was not a result of her negligence. The cause of the injury was hidden and, without excavation, could not have been known to McVay. McVay discovered that her sewer line had not been reconnected only after having problems with her plumbing. Rollings' acts in covering pipes and connections concealed the injury from McVay. McVay was not neglectful of her rights and did not fail to use reasonable and proper diligence after the discovery.

The two-year statute of limitations did not begin to run against McVay until she learned of the harm on July 19, 1987. McVay filed this action on April 11, 1988, within the two year limitations period. This action is not barred by the statute of limitations.

Rollings also argues that it did not owe a duty to McVay to reconnect her sewer line. Rollings argues that the contract does not require it to replace undiscovered connections.

■ A tort is a breach of a duty imposed by law and does not have to arise out of a contract. A person owes a duty to others to not negligently cause injury to that person. In this case, Rollings owed a duty to McVay not to cause injury to her property while performing the acts required by the contract. That duty was independent of the contract. Rollings knew that there were connections that were not marked on the city's plans. Rollings replaced the main sewer line adjoining McVay's property and the connections which were marked on the plans or which were discovered. However, it is undisputed that Rollings did not reconnect McVay's sewer line. Under the stipulated facts, the trial court did not err in ruling that Rollings was negligent as a matter of law based on the occurrence of damage even though there was no duty imposed by the contract.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS' OPINION VACATED; TRIAL COURT AFFIRMED.

OPALA, C.J., and LAVENDER, DOOLIN, HARGRAVE, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

SIMMS, J., dissents.

11. 591 P.2d 1260 (Okla.1979).

12. 370 P.2d 300 (Okla.1962).

13. *Id.* at 302. A statute of limitations extinguishes the remedy after a substantive right has vested. "[A] statute of repose bars a cause of action before it arises." *Reynolds v. Porter,* 760 P.2d 816, 820 (Okla.1988).

14. This reasoning is consistent with the decision in *In re 1973 John Deere 4030 Tractor,* 816 P.2d 1126, 1130 (Okla.1991).