Stephen R. JAWORSKY and Judith A. Jaworsky, husband and wife, Appellants,

v.

Paul FROLICH, an individual, d/b/a Paul Frolich Homes, Appellee,

and

City of Oklahoma City, a municipal corporation, and Brewer Construction Company, Inc., Defendants.

No. 72710.

Supreme Court of Oklahoma.

Nov. 24, 1992.

Rehearing Denied May 11, 1993.

---

Patrick D. Medina, Foshee & Yaffe, Oklahoma City, for appellants.

Raymond L. Vaughn, Jr., Sherman A. Reed, Edmond, for appellee.

WATT, Justice.

## FACTS

Appellee, Frolich, built the house at issue here in 1976. The Sexsions, the first owners, lived in the house until 1981, when Appellants, the Jaworskys bought the house.

In July 1986 the new Owners allegedly noticed separations and cracks at the top of the house's garage door and in other areas. Owners also alleged that the patio was sinking.

## PROCEDURAL HISTORY

Claiming breach of the implied warranties of habitability and workmanlike construction, and negligence, Owners sued Builder in October 1987, more than ten years after Builder finished building the house. Owners also joined the City of Oklahoma City, and Brewer Construction Company.[1] The trial court granted summary judgment for Builder on all issues, and Owners appealed.

The Court of Appeals, Division 1, reversed the trial court and remanded the case for further proceedings. The Court of Appeals held that Owners' causes of action for breach of the implied warranties of habitability and workmanlike construction did not arise until discovery of the defective construction in July 1986. Because Owners filed suit less than five years after discovery of the defects, said the Court of Appeals, their cause of action was timely filed.

Builder contended that 12 O.S.1981 § 109 barred Owners' tort cause of action because Owner did not file suit until more than ten years after Builder completed the house.[2] The Court of Appeals disagreed, and held that Owners' had two years from the date they discovered the defect within which to bring suit. This was so, the Court of Appeals held, though Owners had failed to meet the requirements of § 109 that suit be brought within "ten years after substantial completion of" the house.

1. The trial court granted summary judgment to both the City of Oklahoma City and Brewer Construction Company. Owners did not appeal these judgments. Consequently, City and Brewer Construction are not parties to this appeal.

2. 12 O.S.1981 § 109 provides:
No action in tort to recover damages
 (i) for any deficiency in the design, planning, supervision or observation of construction or construction of an improvement to real property,

 (ii) for injury to property, real or personal, arising out of any such deficiency, or
 (iii) for injury to the person or wrongful death arising out of any such deficiency,
shall be brought against any person owning, leasing, or in possession of such an improvement or performing or furnishing the design, planning, supervision or observation of construction or construction of such an improvement more than ten (10) years after substantial completion of such an improvement.

ISSUES

I. Did the trial court err in holding that Owners' theories of liability concerning implied warranties were time barred?

II. Did the trial court err in holding that Owner's tort causes of action did not survive the tenth anniversary of the completion of the house under § 109?

We answer no to both questions.

### I.

Owners urge us not to review the Court of Appeals ruling on their implied warranty theories. According to Owners, Builder did not address the implied warranty theories in its *Petition for Rehearing and Petition for Writ of Certiorari.* We hold that Builder sufficiently dealt with the issue to preserve it for review.

 The application of § 109 is expressly limited to *tort* causes of action. Consequently, Builder may not rely on § 109's ten year limitation on Owners' implied warranty causes of action. Owners' warranty causes of action were based on contract, not tort, *Elden v. Simmons,* 631 P.2d 739, 742 (Okla.1981); *Noble Foundation Inc. v. Vick d/b/a Southern Oklahoma Testing and Engineering,* 840 P.2d 619 (Okla.1992). Owners are covered by Builder's warranties although Owners were subsequent purchasers of the house. Thus, the five year statute of limitations applies, *Elden,* Id., 631 P.2d at 742.[3]

We now examine when the statute of limitations started to run on Builder's breach of implied warranty. This claim sounds in contract. We recently addressed when the statute of limitations starts to run for breach of a construction contract in *Vick,* Id. There, we adopted the rule that "the limitations period begins to run when the contract is completed." In *Vick,* we expressly rejected the rule that a cause of action for breach of contract does not accrue until discovery of the defect. We did

so because adopting a discovery rule would create undesirable uncertainty by extending a builder's potential contract liability indefinitely. Section 109 has solved this dilemma where tort actions are concerned, but § 109 does not apply to contract actions. Here, the failure of Owners, and their predecessors, to discover the defects did not serve to extend the statutory period. Builder's potential liability in contract for breach of implied warranty was extinguished on the fifth anniversary of the completion of the house. Giving home owners five years from the completion of construction of a home to sue for breach of the implied warranty of fitness is reasonable. We observed in *Jeanguneat v. Jackie Hames Const. Co.,* 576 P.2d 761, 764 (Okla.1978) that

> ... the builder-vendor is not required to construct a perfect home, and in determining whether a house is defective, the test is reasonableness and not perfection, and that *the duration of liability is likewise determined by the standard of reasonableness.* [Emphasis added.]

Owners' cause of action is barred by the applicable statute of limitations, 12 O.S. 1981 § 95 First.

### II.

Title 12 O.S.1981 § 109 provides that "No action in tort" arising from the construction of an improvement to real property "shall be brought ... more than ten (10) years after substantial completion of such an improvement." The Court of Appeals interpreted § 109 to mean that Owners had two years after discovery of the defect within which to sue. We disagree. We held in *St. Paul Fire & Marine Insurance. Co. v. Getty Oil Co.,* 782 P.2d 915 (Okla.1989) that § 109 is a statute of repose, not one of limitation. A statute of limitations cuts off a vested substantive right by penalizing a party who rests on its rights. A statute of repose "sets an outer boundary in time beyond which no cause of action may arise for conduct that would

---

**3.** 12 O.S.1981 § 95 First, covers Owners' warranty claims and gives them five years within which to sue.

otherwise have been actionable." Id., 782 P.2d at 919. Section 109 adds an additional element to the tort claims it covers. A tort plaintiff must fall within the time limit of the applicable statute of limitations, *and* bring suit in not "more than ten (10) years after substantial completion of such an improvement." 12 O.S.1981 § 109.

Owners claim that *Oklahoma City Municipal Improvement Authority v. HTB, Inc.,* 769 P.2d 131 (Okla.1988) mandated the Court of Appeals' conclusion that if a cause of action accrues within the ten year period specified in § 109, plaintiff has two years after its accrual to sue. We see nothing in *HTB* that supports Owners' claim. In *HTB* we held that a public body was not barred from suit by § 109 because its cause of action accrued within the ten year period. We then held that the public body's cause of action was not time barred because public policy required that public rights not be prejudiced by the tardiness of public officials. The issue before us today is whether a plaintiff in a tort action under § 109 must bring suit within ten years after the completion of the improvement although he discovers the defect less than two years before the ten year cutoff date? We have not previously dealt with this question, in *HTB,* or elsewhere.

■ Section 109 clearly limits the time within which an *action* must be brought to ten years. That the legislature meant exactly what it said is shown by looking at a previous version of the statute and at 12 O.S.1981 § 110.

The original version of § 109, passed in 1967, gave only five years to property owners within which to discover any defects in construction. However, § 110, passed at the same time, effectively extended the potential time within which builders and others might be sued to seven years by giving plaintiffs two additional years within which to sue if they discovered a defect "during the fifth year after such substantial completion ..." [4] "But," said the legislature, "in no event may such an action be brought more than seven (7) years after the substantial completion ..."

In 1978 the legislature amended § 109 by extending its time limit from five years to ten.[5] The legislature, however, chose not to amend § 110. We interpret the legislature's decision to leave § 110 unchanged to mean that it intended to insulate builders and others falling within the compass of § 109 from *any action* brought more than ten years after the substantial completion of the improvement. Just as the legislature in 1967 determined that a seven year time limit was reasonable, *regardless of when the cause of action arose,* it decided in 1978 that a ten year limit was reasonable, *regardless of when the cause of action arose.*

We pointed out in *St. Paul* that the legislature passed § 109 to set time limits on potential liability relating to improvements to real property. We noted that, over time, this court and others introduced the "discovery rule," which kept the statute of limitations from beginning to run until a defect was discovered; the old rule that there must be privity of contract between a builder and a plaintiff was abrogated, Id., 782 P.2d at 919–20. The limitations to liability imposed by § 109 represent a reasonable counterbalance to the greatly in-

---

4. 12 O.S.1981 § 110 provides:

Notwithstanding the provisions of Section 1 of this act, [12 O.S. § 109] in the case of such an injury to property or the person or such an injury causing wrongful death, which injury occurred during the fifth year after such substantial completion, an action in tort to recover damages for such an injury or wrongful death may be brought within two (2) years after the date on which such injury occurred (irrespective of the date of death) but in no event may such an action be brought more than seven (7) years after the substantial completion of construction of such an improvement.

5. The legislature made another change in § 109 as well. That change is immaterial to this appeal. In addition to extending the time limit from five years to ten, the amended statute afforded protection under § 109 to owners, lessees and other occupants in addition to those who had done work on the improvement. The legislature passed this amendment in apparent response to our opinion in *Loyal Order of Moose Lodge 1785 v. Cavaness,* 563 P.2d 143 (Okla.1977).

creased potential tort liability faced by builders and others.

Before the Court of Appeals, Owners advanced several theories from which they argued that § 109 is unconstitutional. We reject these arguments. We held in *St. Paul* that § 109 was constitutional. There we said that a statute is presumed to be constitutional,

> unless the statute is "clearly, palpably and plainly inconsistent with the constitution." [Citations omitted.]

Id., 782 P.2d at 918. We find nothing unreasonable in the legislature's decision to limit to ten years the time within which one must file a suit in tort arising out of an improvement to real property, *regardless of when the plaintiff discovers a defect.* The legislature controls the creation and termination of causes of action, including abolishing existing causes of action, unless restricted by the constitution. There are no such constitutional restrictions here.

Owners claim that § 109 cut off their vested rights because they had less than two years to bring suit after their cause of action arose. This contention is not supported by the facts. The legislature passed § 109 in 1978. Owners bought their house from the Sexsions in 1981. The requirement imposed by § 109 of having to sue within ten years after Builder completed the house existed before Owners cause of action arose in 1986 satisfies constitutional requirements. Owners were deprived of no vested rights by the operation of § 109.

CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; TRIAL COURT'S ORDER AFFIRMED.

OPALA, C.J., and LAVENDER, SIMMS, HARGRAVE and SUMMERS, JJ., concur.

KAUGER, J., concurs in part; dissents in part.

ALMA WILSON, J., dissents.