LINCOLN BANK AND TRUST
COMPANY, Appellant,

v.

Walter NEUSTADT, Jr., Trustee, and
Neustadt Land and Development
Company, Appellees.

No. 86289.

Court of Appeals of Oklahoma,
Division No. 1.

Feb. 20, 1996.

As Corrected Feb. 27, 1996.

Certiorari Denied May 8, 1996.

Anton Joseph Rupert, Oklahoma City, for Appellant.

John Shelton, Douglas Shelton, and Elizabeth A. Ballard, Oklahoma City, for Appellees.

## MEMORANDUM OPINION

CARL B. JONES, Judge:

Appellant, Lincoln Bank and Trust Co., seeks review of an order granting summary judgment in favor of Appellees. The parties are adjoining property owners. Appellees excavated land on their property to build a parking garage. Bank contends that because Appellees did not build a proper retaining wall, soil from under Bank's parking lot eroded, undermining and causing damage to the asphalt parking lot. Summary judgment was granted to Appellees under 12 O.S.1991 § 109, which precludes claims for a design or construction deficiency brought more than ten years after completion.

Most facts are undisputed. In 1977, Appellees built an office building and parking garage next to Bank's parking lot. The lower level of the two-level garage was below ground. The Bank's parking lot had a curb/retaining wall that was approximately three feet deep. The lower level of Appellees' parking garage had a retaining wall approximately three feet high. These walls were five to six feet apart with the bottom of Bank's wall being several feet higher than the top of Appellees' wall. The area between the walls was filled with dirt and capped with a sloping slab of riprap and concrete. The work was completed in 1977. There has been no modification of this structure.

In June, 1984, the Bank constructed five cement flagpole foundations within a few inches of their curb/retaining wall, which adjoins Appellees' property. These foundations were each three feet in diameter and extended approximately four feet below the surface of the parking lot.

In November, 1991, Appellees noticed dirt migrating out from under the riprap. Repairs were attempted to cracks appearing in the concrete slope. Appellees advised bank officials of this in November or December, 1991. The damage to the Bank's parking lot and to Appellee's parking garage was being caused by water seeping through the surface of Bank's parking lot, then bringing dirt with it as it escaped under or through cracks in the concrete/riprap slab. The damage to Bank's property was known to bank officials by April, 1992.

The Bank filed its petition in May, 1994. It characterizes its lawsuit as one to enforce its statutory right to lateral support found at 60 O.S.1991 § 66.[1] Its amended petition alleged Appellees breached their duty to provide such lateral support and also alleged a breach of their duty to use ordinary care.

Appellees argue the applicability of 12 O.S. 1991 § 109,[2] which precludes any action for deficiencies in design or construction of improvements to real property more than ten years after completion of the improvement, where that deficiency caused damage to another's property. Summary judgment was granted on this basis. Appellees also argue that Bank's claims are barred by the two year statute of limitations found at 12 O.S. 1991 § 95(3) which is applicable to actions for injury to the rights of another, not arising from contract, and not otherwise enumerated. A third ground asserted for summary judgment is that there was no evidence of actionable negligence.

Bank argues that its cause of action is not a tort, but rather an action to enforce a property right created by statute (60 O.S. 1991 § 66). If so, 12 O.S. § 109, which only applies to tort actions, is not applicable. An action upon a liability created by statute has a three period of limitations as set forth in 12 O.S.1991 § 95(2). Alternatively, Bank urges the applicability of 12 O.S.1991 § 93(4), which provides a fifteen year limitations period for actions for the recovery of real property. We will consider each of these statutes.

### 12 O.S.1991 § 93(4) [3]

■ Section 93(4) with its fifteen year limitations period clearly is not applicable as

---

1. Title 60 O.S.1991 § 66 provides:
 Each coterminous owner is entitled to the lateral and subjacent support which his land receives from the adjoining land, subject to the right of the owner of the adjoining land to make proper and usual excavations on the same for purposes of construction, on using ordinary care and skill, and taking reasonable precautions to sustain the land of the other, and giving previous reasonable notice to the other of his intention to make such excavations.

2. In pertinent part, 12 O.S.1991 § 109 provides:
 No action in tort to recover damages
 (i) for any deficiency in the design, planning, supervision or observation of construction or construction of an improvement to real property,
 (ii) for injury to property, real or personal, arising out of any such deficiency, . . .
 shall be brought against any person owning, leasing, or in possession of such an improvement or performing or furnishing the design, planning, supervision or observation of construction or construction of such an improvement more than ten (10) years after substantial completion of such an improvement.

3. Title 12 O.S. § 93(4) provides:
 An action for the recovery of real property not hereinbefore provided for [can only be brought] within fifteen (15) years [after the cause of action shall have accrued].

there is no claim for the recovery of real property.

### 12 O.S.1991 § 95(2) [4]

This statute provides a three year period of limitations for an action on a liability created by statute. Although the Bank's amended petition contained an allegation of negligence, Bank's brief opposing the motion for summary judgment argues that its only claim is to enforce its statutory property right to "lateral and subjacent support" under 60 O.S. § 66. The question thus is, does an action under 60 O.S. § 66 qualify as such "an action upon a liability created by statute" with its three year period of limitations?

 Bank cites the early South Dakota case of *Ulrick v. Dakota Loan & Trust*, 2 S.D. 285, 49 N.W. 1054 (1891), as interpreting its identical statute to create a property right which exists without regard to notions of tort.[5] *Ulrick*, however, does not hold that such cause of action is not a tort, rather that it "does not depend upon negligence". *Id.* 49 N.W. at 1055. *Ulrick* pointed out that this statute did not create new law, but just codified existing common law. *Id.* at 1056. Our Supreme Court has held unequivocally that "a liability created by statute" as referred to in 12 O.S. § 95(2), is defined as a liability which would *not* exist but for the statute. *Hough v. Hough*, 206 Okl. 179, 242 P.2d 162, 163 (1952); *Smith Engineering Works v. Custer*, 194 Okl. 318, 151 P.2d 404, 407 (1944). According to *Ulrick*, the Bank's legal authority, this liability existed prior to, and apart from the statute. If so, and we conclude, the Bank's cause of action does not qualify as a "liability created by statute" with a three year period of limitations.

### 12 O.S.1991 § 109

 Section 109 is a statute of repose. "It sets an outer boundary in time beyond which no cause of action may arise for con-

duct that would otherwise have been actionable". *St. Paul Fire & Marine Ins. Co. v. Getty Oil Co.*, 782 P.2d 915, 919 (Okla.1989); *Jaworsky v. Frolich*, 850 P.2d 1052, 1054–1055 (Okla.1992). "A tort plaintiff must fall within the time limit of the applicable statute of limitations, *and* bring suit in not more than ten years after substantial completion of such an improvement". *Jaworsky*, supra at 1055. The ten year statute of repose applies regardless of when the action arose or when the defect/damage is discovered. *Id.* at 1055–1056.

 Bank contends that § 109 is inapplicable because this is not a tort action, but rather a statutory property right action. We disagree. Although the statute codified the common law, that codification does not recharacterize the cause of action as something other than a tort. A tort is defined broadly as:

> … a civil wrong, other than a breach of contract, for which the court will provide a remedy in the form of an action for damages.

W. Prosser, *The Law of Torts* (4th Ed.1971) at p. 2. Nothing in the definition limits "torts" to "non-statutory law". In truth, many torts have been codified and they still remain torts.

Title 60 O.S. § 66 identifies a landowner's property right to lateral support. It goes without saying that the adjoining property owner has a corresponding duty. It is the breach of such duty which may give rise to a cause of action. We agree with Bank that this cause of action does not depend on negligence. Negligence is merely one of many torts. That this cause of action is not negligence-based, in no way means that it is therefore not a tort.

### 12 O.S.1991 § 95(3)

Appellees alternatively sought summary judgment on the basis of the two year statute

---

4. Title 12 O.S.1991 § 95(2) provides in pertinent part:
 Civil actions … can only be brought within the following periods, after the cause of action shall have accrued…:
 2. Within three (3) years: … an action upon a liability created by statute.…

5. Oklahoma's statute, now codified at 60 O.S. § 66, was first adopted here in 1910. It was borrowed from, and was identical to Compiled Laws of Dakota, 1887 § 2784.

of limitations of 12 O.S. 95(3) for "an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; ...". To be timely, the petition must be filed within two years of the accrual of the cause of action. The undisputed evidence herein demonstrates that bank officials were aware of the damage to their property and the cause of that damage no later than April, 1992. The petition, however, was filed on May 12, 1994, more than two years later.

The latest point at which the cause of action would have accrued and the statute of limitations begun to run is the date at which bank officials discovered damage to their property. This "discovery rule" in tort cases tolls the running of the applicable limitations period until the damaged party knows, or in the exercise of reasonable diligence, should have known of the damage. *Reynolds v. Porter,* 760 P.2d 816, 820 n. 8 (Okla.1988); *Samuel Roberts Noble Foundation, Inc. v. Vick,* 840 P.2d 619, 624 (Okla. 1992); *MBA Commercial Constr. v. Roy J. Hannaford Co.,* 818 P.2d 469 (Okla.1991) (discovery rule applied in action against architect who designed a building); *McVay v. Rollings Constr.,* 820 P.2d 1331 (Okla.1991) (discovery rule applied in action against plumber for failing to properly connect a sewer line).

Bank also suggests that the failure of Appellees to provide lateral support to the bank property continues and is thus actionable under *any* limitations period. No authority is cited in support of this allegation. Such assignments of error, unsupported by authority, will not be considered by this Court on appeal. *Cavett v. Peterson,* 688 P.2d 52, 59 (Okla.1984); *Peters v. Golden Oil Co.,* 600 P.2d 330, 331 (Okla.1979).

### DISPUTED FACTS

Bank's response did take issue with several of Appellees' "uncontroverted facts". A review of those disputed facts including "facts" relating to the negligence of Appellees, shows them to be immaterial to the right to summary judgment under 12 O.S. §§ 95(3) and 109. Such disputed facts are of no consequence.

In reviewing a grant of summary judgment, this Court will review the pleadings and evidentiary materials submitted to the trial court and view all the inferences that can be drawn therefrom in the light most favorable to Appellant. *Johnson v. Mid–South Sports, Inc.,* 806 P.2d 1107 (Okla. 1991). We must affirm the grant of summary judgment if the materials submitted to the trial court indicate that no substantial controversy exists as to any material fact. *Id.* at 1108. The undisputed facts and applicable law lead only to the conclusion that Bank's cause of action is barred by the statute of repose, 12 O.S.1991 § 109 and/or the applicable statute of limitations, 12 O.S.1991 § 95(3). Accordingly, the order of the trial court granting summary judgment is AFFIRMED.

GARRETT, Judge, concurring by reason of stare decisis:

I concur because of stare decisis. The result of this opinion is obviously correct. My only objection is based on the use of the phrase "statute of repose". In my view, the legal distinction between a "statute of repose" and a "statute of limitations" is a distinction without a difference.

JOPLIN, J., dissents.