### HOUGH v. HOUGH.

No. 34410. March 18, 1952.

*242 P. 2d 162.*

I. C. Sprague, Idabel, for plaintiff in error.

Tom Finney, Idabel, for defendant in error.

HALLEY, V.C.J. This case involves only one question, and that is whether the three-year provision of par. 2 or the five-year provision of par. 6 of §95, Title 12, O. S. 1951, shall apply to the collection of a judgment for unpaid installments of child support. The parties occupy the same positions here as in the trial court, and will be so referred to.

The parties stipulated that a judgment for child support was entered by the district court of McCurtain county on November 20, 1931, in the amount of

ten dollars per month; that the child for whom the support was provided married on May 28, 1945; that no payments were made by defendant; that the action was filed on the 5th of September, 1947.

The trial court took the view that par. 2, §95, Title 12, O. S. 1951, controlled, under the mistaken view that duty to pay child support was a liability created by statute. We have held that the accepted definition of a "liability created by statute" was a liability which would not exist but for the statute. Smith Engineering Co. v. Custer, 194 Okla. 318, 151 P. 2d 404, and Brogden v. Baugh, 176 Okla. 339, 55 P. 2d 994. The liability of a father to support a minor child existed at common law. We have no statute, other than our criminal statutes, that requires a father who does not have the custody of a child to support it; but this court said in Bondies v. Bondies, 40 Okla. 164, 136 P. 1089:

"It is unquestionably the duty of the father to provide reasonably for the maintenance of his minor child when the mother is unable to do so, and we do not understand that this liability is in any way affected by the fact that the custody of said child may have been taken away from him by the decree of a court of competent jurisdiction. This primary obligation arises from his natural headship of the family, and upon his being, by nature and the present constitution of society, responsible for the welfare and protection of his own offspring."

The second paragraph of sec. 95, Title 12, O. S. 1951, does not apply here; but par. 6 of the same section does apply. This question was before the Supreme Court of Kansas in Sharp v. Sharp, 154 Kan. 175, 117 P. 2d 561, under the identical statute, and that court held that par. 6 controlled, and we agree.

Since the five-year statute applies, plaintiff was entitled to recover $10 per month from September 5, 1942, until May 28, 1945, the date the child of the parties married.

The judgment is reversed, with directions to the trial court to enter judgment for the plaintiff for the installments due from September 5, 1942, to May 28, 1945, with interest on each installment at 6 per cent per annum from the date the installment was due.

WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.