**Dianne HYDE, Appellant,**

v.

**Clayton E. HYDE, Appellee.**

**No. 78212.**

Court of Appeals of Oklahoma, Division No. 3.

Dec. 1, 1992.

David J. Bailey, Midwest City, for appellant.

Reese Allen, Oklahoma City, for appellee.

## OPINION

HUNTER, Judge:

This action came before the trial court on Appellant's application for contempt citation which charged Appellee willfully disobeyed the court's order in the parties' 1976 divorce decree. The parties stipulated that Appellee was delinquent in his child support payments but disputed the amount of the arrearage. Appellant claimed that Appellee stopped paying child support in August, 1981. She further claimed that in August, 1988, the parties agreed that Appellee would make monthly payments to her in the amount of $310.00 per month, $125.00 for current support and $185.00 to go toward the arrearages. Although Appellee disputed any understanding was reached, the parties agreed seven payments of $310.00 were made between April, 1989 and August, 1990. Appellant filed her application for contempt in December, 1990. Appellant claims that as of that time, Appellee had paid a total of $4,955.00. Because only the amount of the arrearage was in question and the time period to which it applied, the court decided the matter based on briefs of the parties. Appellant urged that the five year limitation period be counted backward from the time of the agreement in August 1988, claiming the agreement was made in forbearance of her filing to enforce the divorce decree. Appellee's position was that the five year limitation period should begin from the time Appellant filed her contempt action. The court found that the relevant time period was five years prior to the December, 1990 filing for contempt, citing *Hough v. Hough*, 206 Okl. 179, 242 P.2d 162 (Okl. 1952). We find *Hough* distinguishable from the instant case. *Hough* set the statutory period for collection of child support at five years. The issue here, however, is from what date does that period run. We reverse the order and remand the matter to the trial court for a hearing on the issue of whether Appellee is equitably estopped from asserting the statute of limitations from the time of the filing of the application for contempt.

### Standard of Review

■ On review of child support matters, the appellate court will review the whole record, weigh the evidence and affirm the order if it is just and equitable. If it is not, the appellate court will render, or cause to be rendered, a proper judgment. *Thrash v. Thrash*, 809 P.2d 665 (Okl.1991).

*Findings on Review*

 Appellant, correctly stating that past due child support is a debt due and owing, attempts to argue the statute of limitations was tolled when, analogous to an action on an open account, Appellant detrimentally relied on the promises of Appellee to make mixed payments of current support and on the arrearages. Her consideration was in forbearing the enforcement of her legal rights to sue Appellee for back child support or to cite him for contempt. Her detriment is that she, and the child on whose behalf the payments are made, lose at least 1½ years of support by delaying the court action. Appellee's position, citing *Hough* as authority, is that the five year limitation period runs backward from the time of filing for contempt.

Oklahoma has long recognized equitable defenses in child support enforcement actions. In *McNeal v. Robinson*, 628 P.2d 358 (Okl.1981), the court held that the equities demanded that the noncustodial father receive credit against the child support arrearages for the time in which he had a child in his care. In *Kissinger v. Kissinger*, 692 P.2d 71 (Okl.App.1984), the court decided it would be inequitable for the custodial parent to collect on arrearages if she had previously waived her right to enforce the order through her acquiescence in accepting lower payments. This court, at 74, also interprets *McNeal* as aligning Oklahoma with the majority of American jurisdictions and England which observe the general rule "that in proceedings to enforce an order for child support various defenses are available to the obligor such as laches, estoppel, waiver, acquiescence, release or agreement". There is, unfortunately, a dearth of case law where the applicant rebuts the defense with equitable substantive law. Because we may substitute our judgment on review, we find, that in this instance, there is no need for analogies to contract law. The elements of equitable estoppel are pled here. The record, thin as it is, indicates that Appellant relied on an oral agreement, changed her position for the worse and lost a right of remedy she might otherwise had have and Appellee gained some of Appellant's right of reme-

dy. *McDowell v. Cagle*, 205 Okl. 554, 240 P.2d 783 (1952).

This matter is reversed and remanded to the court with directions to hear the merits of the equitable estoppel rebuttal to Appellee's statute of limitations defense. The only issue for the court, in light of that evidence, will be from which date should the five year limitation period be counted. After that date is determined, the court will be able to calculate the amount of the arrearages and apply arrearage payments, beginning at the oldest part of that time period.

REVERSED AND REMANDED WITH DIRECTIONS.

BAILEY, P.J., and HANSEN, V.C.J., concur.