Gail Ann LOGAN, Appellee,

v.

James David LOGAN, Appellant.

No. 80742.

Court of Appeals of Oklahoma,
Division 1.

May 17, 1994.

Kathleen Lies Hallren, Hieronymus,
Hodgden & Meyer, P.C., Woodward, for appellant.

Dorinda K. Morris, Department of Human
Services Child Support Enforcement Div.,
Fairview, for appellee.

## MEMORANDUM OPINION

ADAMS, Judge:

Acting pursuant to an assignment from
Gail Ann Logan (Mother), the Department of
Human Services (DHS) filed an application
on August 11, 1992, requesting an income
assignment and contempt citation in order to
collect past due child support. According to
DHS, James David Logan (Father) was in
arrears on child support totalling $38,000
dating back to early 1982, and Mother had
received AFDC payments since early 1992.
Father objected, claiming that part of the
claimed arrearage was barred by the statute

of limitations. After hearing, the trial court granted DHS judgment for all amounts due after October 1, 1982, totalling $32,100. Father appeals.

■ Father identifies two alleged errors which he says mandate reversal or modification of the trial court's order. First he argues that claims for all child support payments which were due prior to October 1, 1987, the effective date of 12 O.S.Supp.1987 § 1291, now 43 O.S.1991 § 137, were barred by the statute of limitations. According to Father, this section substantively changed the time limits for enforcing child support orders and cannot be applied retroactively to payments which were due prior to the effective date of the statutory change.

Prior to October 1, 1987, actions to enforce child support orders were governed by the five-year statute of limitations contained in 12 O.S.1981 § 95(6). *See Hough v. Hough,* 206 Okl. 179, 242 P.2d 162 (1952). Under that law, once five years had passed from the date an installment was due, enforcement was barred as to that installment. As of its effective date, § 137 declared that "[a]ny payment of installment of child support ordered pursuant to any order, judgment or decree of the district court ... is on and after the date it becomes due a judgment by operation of law."

Therefore, any claims for unpaid child support which were due after October 1, 1982, and therefore were not barred by the statute of limitations, became judgments by operation of law. Enforcement of these judgments also became governed by the dormancy provisions of § 137(C). The practical effect was an extension of the time for Mother and her assignee to collect on unpaid child support claims which were not already barred.

■ Contrary to Father's argument, a legislative change in the statute of limitations applies to existing claims, in the absence of contrary provisions, as of the date those claims first became subjected to operation of the changed limitation. *See B.F. Goodrich v. Williams,* 755 P.2d 676 (Okla.1988); *Magnolia Petroleum Co. v. Watkins,* 177 Okl. 30, 57 P.2d 622 (1936). The trial court did not err when it included in the arrearage all unpaid installments accruing after October 1, 1982.

■ Father also claims the trial court erred by refusing to "make inquiry to determine if [Father] ha[d] been denied reasonable visitation" and include "visitation provisions in the support order" as mandated by 12 O.S.1991 § 1171.3(B)(2)(d). DHS does not argue such an inquiry was inappropriate but says Father was required to file a motion in order to obtain this relief.

DHS' argument ignores clear statutory language placing the duty to make the inquiry on the trial court. Although additional notice to the custodial parent may be necessary where, as here, the enforcement action is brought by DHS and the custodial parent is not present, the trial court is not free to ignore the mandate of statute. Rather, the appropriate course of action is to give notice, make the required inquiry, and enter an appropriate order.

The trial court's order is affirmed insofar as it granted DHS a judgment for unpaid child support but is reversed insofar as it declined to make the inquiry and orders concerning visitation mandated by the Legislature. The case is remanded to allow such an inquiry, with appropriate notice to Mother, and entry of an appropriate order.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED

JONES, P.J., concurs.

HANSEN, J., concurs in part and dissents in part.