2006 OK CIV APP 2

STATE of Oklahoma, ex rel., DEPART-MENT OF HUMAN SERVICES, CHILD SUPPORT ENFORCEMENT, Plaintiff/Appellant,

v.

Michael S. TARRANT, Defendant/Appellee.

No. 99,311.

Court of Civil Appeals of Oklahoma, Division No. 4.

Sept. 27, 2005.

Janice Howard–Croft, Department of Human Services Child Support Division, Oklahoma City, OK, for Plaintiff/Appellant.

Robert T. Rennie, Jr., Pauls Valley, OK, for Defendant/Appellee.

Opinion by KEITH RAPP, Vice Chief Judge.

¶ 1 Trial court plaintiff, State of Oklahoma Department of Human Services, Child Support Enforcement (DHS), appeals a judgment finding that DHS cannot collect a por-

tion of past due child support owed by the defendant, Michael S. Tarrant (Tarrant).

## BACKGROUND

¶ 2 The facts are not contested. Tarrant and his former wife were divorced in 1985, and he was ordered to pay child support of $250.00 per month. DHS filed a Notice/Order of Child Support Lien in 2002, and sought an arrearage of $47,500.00 accrued from April, 1985 through February 2002.[1] The claim here prosecuted by DHS is not for reimbursement of support provided by DHS. The matter was presented to an administrative law judge (ALJ) who ruled that the arrearage was statutorily enforceable.

¶ 3 The issue pertinent to this appeal concerned whether a portion of the arrearage, $16,750.00, was a dormant judgment and uncollectible. After review of the facts and legal issues, the ALJ concluded that Tarrant owed $47,250.00 in child support from April, 1985, through January, 2002. The ALJ further ruled that the portion accrued prior to November 1, 1991, $16,750,00, is considered dormant pursuant to 43 O.S. Supp.1995, § 137(C)(1), (C)(2), or (C)(3), but further ruled that this portion of the arrearage judgment fell within the exceptions in that Section. Therefore, the ALJ determined the existence for the specific statutory collection remedies for the entire arrearage.

¶ 4 Tarrant appealed to the District Court. The District Court construed Section 137, together with Section 735 of Title 12. The District Court held that neither of these statutes could be applied retroactively and that their provisions applied prospectively from 1996, the date of enactment. The District Court ruled that Tarrant owed child support going back five years from the dates the statutes were enacted and authorized collection of child support from 1991 forward. An amount was not fixed, nor was a specific date in 1991 fixed. DHS appeals.

## STANDARD OF REVIEW

▬▬▬ ¶ 5 Where the facts are not disputed, an appeal presents only a question of law.

1. The ALJ determined that the period ended in January 2002, because the child was then eigh-

*Baptist Building Corp. v. Barnes,* 1994 OK CIV APP 71, ¶ 5, 874 P.2d 68, 69. The appellate court has the plenary, independent, and nondeferential authority to reexamine a trial court's legal rulings. *Neil Acquisition, L.L.C. v. Wingrod Investment Corp.,* 1996 OK 125, 932 P.2d 1100 n. 1. Matters involving legislative intent present questions of law which are examined independently and without deference to the trial court's ruling. *Salve Regina College v. Russell,* 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991); *Keizor v. Sand Springs Ry. Co.,* 1993 OK CIV APP 98, ¶ 5, 861 P.2d 326, 328.

## ANALYSIS AND REVIEW

¶ 6 Section 137 had its origin as 12 O.S. Supp.1987, § 1291, and was renumbered into Title 43 in 1989, with its language unchanged. The 1987 version made each past due child support installment ordered by a court or administratively by DHS a judgment by operation of law on and after the due date. 12 O.S. Supp.1987 § 1291(A). This had the effect of removing the limitations period previously applicable in which to bring an action to obtain a judgment for arrearage. *Logan v. Logan,* 1994 OK CIV APP 77, ¶ 4, 877 P.2d 51, 52.

¶ 7 Subsection C then provided:

Unless execution is issued and filed within five (5) years from date of judgment or last execution on said judgment as required by law, *a judgment for past due child support shall become dormant for all purposes except for enforcement of the judgment by:*

1. An income or wage assignment initiated pursuant to the laws of this state or any other state;

2. Periodic payments from the judgment debtor by order of the district court or of the Department of Human Services;  or

3. Referral of the past due amount to the Internal Revenue Service and, if appropriate, to the Oklahoma Tax Commission or another state's taxation agency for interception of the judgment debtor's annual

teen years of age.

state or federal tax refund in cases being enforced by the Department of Human Services. (Emphasis added.)

¶ 8 A 1993 amendment did not affect the language under consideration. In 1994, the Legislature amended Section 137(C), but leaving subparts C(1) through C(3) unchanged. 1994 Okla. Sess. Laws, c. 366, § 1(C). As amended, Section 137(C) then read:

Unless execution is issued and filed within five (5) years from date of judgment or last execution on said judgment as required by law, a judgment for past due child support shall become dormant for all purposes except for enforcement of the judgment ...

¶ 9 In 1996, Section 137(C) was amended. 1996 Okla. Sess. Laws, c. 233, § 3. The amended statute removed subdivisions C(1) through C(3) and was further changed to provide as follows:

A child support judgment shall not become dormant for any purpose, except that it shall cease to be a lien upon real property five (5) years from the date it is filed of record with the county clerk in the county where the property is located, unless execution is issued and filed within five (5) years from the date the judgment is determined or last execution on the judgment is issued as required by law.

1. Except as otherwise provided by court order, a judgment for past due child support shall be enforceable until paid in full.

2. An order that provides for payment of child support, if willfully disobeyed, may be enforced by indirect civil contempt proceedings, notwithstanding that the support payment is a judgment on and after the date it becomes past due. Amounts determined to be past due in an administrative proceeding by the Department of Human Services may subsequently be enforced by indirect civil contempt proceedings. (Emphasis added.)

¶ 10 Also, the Statute of Limitations, 12 O.S. Supp.1996, § 95, was amended to remove child support collection from its scope. 1996 Okla. Sess. Laws, c. 233, § 1. Thus, it is seen that, in 1996, child support collection was unburdened of any limitations.

¶ 11 A 1998 amendment moved 137(C) to 137(B). An amendment in 2000 did not affect the relevant language. Thus, and it is not questioned here, after the effective date of the 1996 amendment, child support judgments did not become dormant, although they possibly might not be a lien on real estate. Inasmuch as each past due child support installment became a judgment by operation of law, the sums accrued after November 1, 1996, the effective date of the 1996 amendment, do not become dormant judgments.

¶ 12 This brings the analysis to the question of what happens to arrearage judgments accruing prior to November 1, 1996. The District Court's solution in this matter was to apply the five-year general dormancy statute in 1996, 12 O.S.1991, § 735, and make all of the arrearage judgment more than five years old on November 1, 1996, unenforceable. DHS argues that this overlooks the statute's pre–1996 provisions for enforcement through income assignment, tax refund attachment, and the like.

¶ 13 The specific references to enforcement mechanisms referenced by DHS noted above were removed from Section 137, although the means of enforcement, income assignment, tax refund interruption, and the like were not removed from other parts of the statutes. Moreover, during this period, of time from the mid–1980s onward, a great deal of effort was being expended at the state and national levels to improve child support collection and to bring the level of child support to consistent and realistic levels.

■ ¶ 14 Thus, in 1996, when the specific references were removed from Section 137(C), the Legislature substituted all inclusive language and made it clear that collection of child support was not to be impeded by such things as dormancy or the Statute of Limitations. Moreover, the language necessarily included all available mechanisms for collection. Had the Legislature intended to eliminate these collection mechanisms, it would have specifically done so. Because the Legislature failed to do so, this Court now holds that the 1996 amendment to Section 137 did not remove any of the methods of

collection referenced in Section 137(C)(1), (C)(2), or (C)(3) of the prior Section 137.

■ ¶ 15 This holding means that when any of those three methods are used, then Section 137 is not being applied retroactively, but rather another statutorily enacted method is used to provide enforcement of the district court's child support degree. Here, the ALJ limited enforcement of collection of the $16,750.00, to the remedies provided in 137(C)(1), (C)(2), or (C)(3) of the prior Section 137.[2] This ruling did not apply Section 137 retroactively and the District Court erred in so ruling.

¶ 16 Tarrant relies upon *Cowan v. Cowan*, 2001 OK CIV APP 14, ¶ 14, 19 P.3d 322, 326–27.[3] There, the Court held that judgments for past due child support due on or before November 1, 1991, were dormant and could not be enforced. The Court of Civil Appeals reached its conclusion based upon its review of a history of the applicable statutes.

The statute of limitations for actions to collect unpaid child support was previously five years under 12 O.S.1981 § 95(6). *Logan v. Logan*, 1994 OK CIV APP 77, 877 P.2d 51, citing *Hough v. Hough*, 206 Okla. 179, 242 P.2d 162 (1952). Effective September 1, 1994, the following provision was added to the limitations statute: "(a)n action to establish paternity and to enforce support obligations can be brought any time before the child reaches the age of eighteen (18)." 12 O.S. Supp.1994 § 95(7). Then, effective November 1, 1996, the following provision was added to the limitations statute: "(c)ourt-ordered child support is owed until it is paid in full and it is not subject to a statute of limitations." 12 O.S. Supp.1996 § 95(9). However, in *Logan*, this court noted that the enactment of 12 O.S. Supp.1987 § 1291, now 43 O.S.1991 § 137, effectively negated the statute of limitations for child support matters. 877 P.2d at 52. This is because § 137 established that all court-ordered child support payments become judgments on the date they are due. In other words, obligee

parents no longer need to file *actions* to enforce child support orders because they are judgments by operation of law on the date each payment becomes due, and therefore a limitations period on such actions is unnecessary. Section 137(C) originally provided that such judgments become dormant if not enforced within five years. However, effective November 1, 1996, § 137(C) was modified to provide that child support orders shall not become dormant for any purpose, and that a judgment for past due child support shall be enforceable until paid in full.

¶ 17 The *Cowan* Court was concerned with a time period between January 1985 and August 1994, for purposes of determining whether there was a bar to collection *based upon dormancy*. *Cowan*, at ¶ 13, at 326. The Court's ruling barring recovery extended from January 1985 through November 1, 1991.

¶ 18 The result in *Cowan* is not in accord with the decision of this Court here. The difference may be explained. Before these sundry statutes were enacted or amended, two discrete problems could arise. Both were present in *Cowan*.

¶ 19 First, a parent entitled to receive child support had to bring an action to obtain a judgment. That action could be barred under old law by the five-year Statute of Limitations. In *Cowan* the mother's action could have been barred, but, as the Court correctly ruled, the enactment of Section 1291, making all past due child support payments a judgment as a matter of law, effectively abolished the Statute of Limitations issue. Thus, no part of the mother's claim in *Cowan* was barred by the Statute of Limitations.

¶ 20 However, until the 1996 amendment the statute, now Section 137, recognized a limited form of bar based upon dormancy. Thus, the "automatic" judgment could become dormant. Nevertheless, the statute had three exceptions to dormancy. This Court, unlike the *Cowan* Court, views the 1966 amendment to Section 137 as a continu-

---

2. Administrative Order, Rec. p. 4, at 9.

3. One aspect of *Cowan* dealt with whether an obligor parent could assert any equitable defens-

es to nonpayment of child support. That question does not apply here.

ation *and expansion* of those three exceptions in order to follow the Legislative intent to have the child benefit from court ordered child support.

¶ 21 Here, the ALJ declined to follow *Cowan*. The ALJ reasoned that pre–1996 provisions in Section 137 made exceptions to the effect of dormancy of the judgment. These exceptions allowed the judgment to be enforced by specific means. The ALJ concluded that each of the exceptions allowing enforcement were available and entered judgment accordingly. The result is that the ALJ's order limiting enforcement of collection of the increment of arrearage to utilization of the three means, previously spelled out in Section 137(C)(1)-(C)(3), is consistent, albeit not for the same reason, with the holding of this Court that each of those means is included in the *continuation and expansion* of Section 137 by the 1996 amendment. Thus, the ALJ's decision did not result in a retroactive application of the statute.

¶ 22 Therefore, the trial court judgment is reversed and the order of enforcement of the child support arrearage entered by the ALJ is reinstated, for the reasons expressed herein.

***REVERSED AND ORDER OF ADMINISTRATIVE LAW JUDGE REINSTATED.***

GOODMAN, P.J., and STUBBLEFIELD, J., concur.