2009 OK CIV APP 41

**Christine WHITAKER, as Personal Representative of the Estate and As Representative of all Wrongful Death Beneficiaries of James C. Richard, Jr., Deceased, Plaintiff/Appellant,**

v.

**HILL NURSING HOME, INC., Defendant/Appellee.**

**No. 106,350.**

Court of Civil Appeals of Oklahoma, Division No. 3.

March 20, 2009.

Benjamin L. Barnes, Micky Walsh, Beeler, Walsh & Walsh, P.L.L.C., Oklahoma City, OK, for Plaintiff/Appellant.

W. Michael Hill, Timothy S. Harmon, Don W. Danz, Secrest, Hill & Butler, Tulsa, OK, and Douglas M. Borochoff, Charles A. McSoud, Gibbs Armstrong Borochoff Mullican & Hart, Tulsa, OK, for Defendant/Appellee.

BAY MITCHELL, Chief Judge.

¶ 1 Christine Whitaker, as Personal Representative of the Estate and as Representative of all wrongful death beneficiaries of James C. Richard, Jr., Deceased, Plaintiff/Appellant ("Whitaker"), seeks review of an order granting Defendant/Appellee ("Nursing Home") Hill Nursing Home, Inc.'s Motion for Summary Judgment on the basis that the wrongful death action was barred by the two-year statute of limitations pursuant to 76 O.S.2001 § 18.[1]

¶ 2 This case arises out of the care and treatment of James C. Richard, Jr., who was an elderly resident of the Nursing Home from January 2003 through May 12, 2004. On that date, Mr. Richard was transferred to McCurtain Memorial Hospital, where he died on May 19, 2004. Whitaker, who is Mr. Richard's granddaughter, filed her Petition on March 29, 2007, alleging Nursing Home "engaged in a pattern and practice of ongoing neglect" and that Nursing Home's "continuing course of repeated negligence" including its "failure to take the precautions necessary to ensure the [decedent's] health and safety, failure to provide proper and timely services" resulted in mental and physical injury, pain and suffering, medical expenses, and ultimately his death. Additionally, the Petition asserts claims for breach of contract and negligence *per se* on the basis that Nursing Home violated the Oklahoma Nursing Home Care Act, 63 O.S.2001 § 1–1901 *et seq.*, and seeks punitive damages for the wrongful conduct alleged as wilful, wanton and gross disregard of the Decedent's rights and gross negligence and/or reckless disregard for the Decedent's well-being. The Petition includes an attached affidavit providing that a qualified expert has reviewed medical records and other material and provided a written opinion to the effect that "the acts or omissions of the health care provider(s) against whom the action is brought constituted professional negligence."[2]

---

1. The appellate standard of review of a trial court's grant of summary judgment is *de novo*. *Kirkpatrick v. Chrysler Corp.*, 1996 OK 136, 920 P.2d 122. This Court will examine the pleadings and evidentiary materials submitted by the parties to determine if there is a genuine issue of material fact. *Ross v. City of Shawnee*, 1984 OK 43, ¶ 7, 683 P.2d 535, 536. All inferences and conclusions to be drawn from the evidentiary materials must be viewed in the light most favorable to the non-moving party. *Id.*

2. Exhibit 1 to Plaintiff's Response to Defendant's Motion for Summary Judgment Regarding Statute of Limitations is the "expert report" of Betty Lou Hurford, R.N.

¶3 Whitaker filed her Petition on March 29, 2007, more than two years and ten months after the death of Mr. Richard on May 19, 2004. Nursing Home asserts, and Whitaker does not dispute, that Whitaker had knowledge of her grandfather's death on or about the date of its occurrence.

¶4 The trial court determined that Nursing Home is a health care provider subject to application of the two-year statute of limitations set forth in 76 O.S. § 18 and that all Whitaker's claims expired on or about May 19, 2006. The trial court therefore granted Nursing Home's Motion for Summary Judgment because the Petition was filed after the two-year statute of limitations had run.[3]

■ ¶5 The primary issue on appeal is whether the two-year statute of limitations set forth in 76 O.S. § 18 applies to this case. Section 18 provides in pertinent part:

An action for damages for injury or death against any physician, health care provider or hospital licensed under the laws of this state, whether based in tort, breach of contract or otherwise, arising out of patient care, shall be brought within two (2) years of the date the plaintiff knew or should have known, through the exercise of reasonable diligence, of the existence of the death, injury or condition complained of. . . .

Whitaker contends this case is not a traditional medical liability action, but rather one for breach of contract, and that Nursing Home is not a "health care provider" subject to the two-year statute of limitations set forth in 76 O.S. § 18.

¶6 Nursing Home cites to statutory provisions and definitions indicative of legislative intent to include nursing homes within the category of "health care provider."[4] A review of the Petition's allegations clearly reveals claims arising from alleged substandard care related to the health care needs of the deceased and the affidavit attached thereto actually characterizes the Defendant Nursing Home as a "health care provider(s) against whom the action is brought" and includes allegations of "professional negligence." Whitaker would have us ignore her own characterization of the Nursing Home as a "health care provider" in order to avoid application of the two-year statute of limitations.[5]

¶7 Our highest court has labeled a personal injury action brought against a nursing home arising out of alleged negligent care as "health-care litigation." *See Harder v. Clinton,* 1997 OK 137, ¶11, 948 P.2d 298, 304.[6]

---

3. Nursing Home does not argue the application of the two-year *wrongful death* statute of limitations, which begins to run on the date of Decedent's death. *See* 12 O.S.2001 § 1053; *Kimberly v. DeWitt,* 1980 OK CIV APP 2, 606 P.2d 612. This statute has been applied in a wrongful death action against a nursing home in which allegations of resident neglect and abuse were raised, in addition to a breach of contract claim. *See Broadway v. Peak Medical Oklahoma No. 5,* 2005 OK CIV APP 63, 120 P.3d 872.

4. The Oklahoma Health Care Information System Act defines "health care providers" as "a hospital or related institution licensed pursuant to Section 1–702 of this title, *nursing facilities licensed pursuant to [The Nursing Home Care Act, which is] Section 1–1903 of this title.* . . ." 63 O.S.2001 § 1–116 (emphasis added). Additionally, Nursing Home cites to the Affordable Access to Health Care Act, 63 O.S. Supp.2003 § 1–1708. 1C(1), which defines "health care provider" as follows: "any person or other entity who is licensed pursuant to the provisions of Title 59 or *Title 63* of the Oklahoma Statutes . . . to render health care services in the practice of a profession or in the ordinary course of business." *Id.* (emphasis added). Title 63 O.S. § 1–1903 man-

dates licensure prior to the establishment, operation or maintenance of any nursing facility.

5. Despite Whitaker's assertion this case is not a traditional medical liability action, her response brief nevertheless includes the following specific allegations of negligence: failure to obtain and provide timely and appropriate medical treatment and nursing intervention; failure to notify the physician of significant conditions and changes in condition; failure to follow physician's orders; failure to observe and comply with infection control precautions; failure to adequately monitor hydration; and failure to provide basic care planning for known medical problems.

6. In *Harder,* the Court noted that "[i]n other jurisdictions the standard of patient care owed by the hospital has been applied in favor of nursing home residents. Nursing homes, like private hospitals, are under a duty of exercising reasonable care to avoid injury to residents. The reasonableness of care is to be assessed in the light of the patient's physical and mental condition." *Harder v. Clinton,* 1997 OK 137, n. 22, 948 P.2d 298, 304 (citing numerous cases from other jurisdictions in support.).

The Court describes a violation of the Nursing Home Care Act as synonymous with "breached duty," and "[t]he so-called rights enumerated in the Act shape the standard of care to govern in the nursing home setting." *Morgan v. Galilean Health Enterprises, Inc.,* 1998 OK 130, ¶ 9, 977 P.2d 357, 362. In *Harder,* the Court noted the similarity of duty that a hospital owes to its patients with that a nursing home owes to its residents— "to provide care at a reasonable standard, taking into consideration the resident's known mental and physical condition." *Harder,* 1997 OK 137, ¶ 11, 948 P.2d at 304. Considering that our Legislature has specifically included nursing facilities in the category of "health care provider;" that case law equates negligence actions arising from alleged substandard resident care against nursing homes with "health care litigation;" and that Whitaker's substantive allegations and the relevant evidentiary attachments clearly reflect this case arises out of alleged substandard health care services, we find no error in the trial court's determination that Nursing Home is a health care provider and therefore subject to the two-year statute of limitations of § 18.

■ ¶ 8 Whitaker also contends this case is governed by the five-year statute of limitations generally applicable to breach of contract actions as set forth in 12 O.S.2001 § 95(1)[7] due to the Oklahoma Nursing Home Act's mandate that nursing homes have a written contract with the nursing home resident or his guardian. See 63 O.S. § 1–1921.[8] Whitaker fails to cite legal authority in support of the proposition that because of the legislative mandate for a service contract between nursing facilities and residents, actions arising from alleged substandard care and allegedly in breach of such contract shall be subject to the five year statute of limitations. Argument unsupported by citation to persuasive authority will not be considered. *See Abel v. Tisdale,* 1980 OK 161, ¶ 18, 619 P.2d 608, 611.

■ ¶ 9 We note, however, that the five-year statute of limitations in 12 O.S. § 95(A)(1) is *generally* applicable to breach of contract actions, whereas the two-year statute of limitations in 76 O.S. § 18 *specifically* applies to breach of contract actions brought against a health care provider for injury or death arising out of patient care. Where two statutes may be construed to apply to the same subject matter, one specific and one general, the specific statute controls. *Phillips v. Hedges,* 2005 OK 77, ¶ 12, 124 P.3d 227, 231; *Pickett v. Dep't of Human Services,* 1996 OK CIV APP 142, ¶ 6, 932 P.2d 543, 545. The rules of statutory construction clearly lead to the application of 76 O.S. § 18, the specific statutory limitations provision applicable to tort and/or breach of contract claims against a health care provider arising out of patient care. In that Nursing Home is a "health care provider" within the meaning of § 18 which expressly applies "whether based in tort, breach of contract or otherwise," this case remains subject to the two-year statute of limitations in accordance with the legislature's intent that cases arising out of patient care, however pled, "shall be brought within two (2) years of the date the plaintiff knew or should have known ... of the existence of the death, injury or condition complained of...." 76 O.S. § 18. This statute clearly and unambiguously provides that whether Plaintiff's claims sound in tort, contract or both, they are subject to the two-year statute of limitations.

7. 12 O.S. § 95. Limitations of other actions

A. Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

1. Within five (5) years: An action upon any contract, agreement or promise in writing;
2. Within three (3) years: An action upon a contract express or implied not in writing; an action upon a liability created by statute other than a forfeiture or penalty; and an action on a foreign judgment.

8. Nursing Home attached as Exhibit C to its Motion for Summary Judgment the "Admission Contract and Authorizations," which was executed on January 17, 2003 by decedent's sister, Perzefinee Bailey and a witness upon admission of Mr. Richard into Nursing Home. The contract includes the following provision: "As further consideration of such admission, it is mutually agreed that said Home shall no [sic] be held liable for accident or injury to resident during residence."

¶ 10 Whitaker raised additional arguments in her briefs in opposition to Nursing Home's Motion for Summary Judgment,[9] but failed to raise them in her unsuccessful Motion for Reconsideration, the legal equivalent of a motion for new trial. Where a movant has filed a motion to reconsider an order granting summary judgment and the motion is denied, the movant/appellant may not raise issues on appeal which were not previously raised in his or her motion to reconsider. *See* 12 O.S.2001 § 991(b); *Broadway v. Peak Medical Oklahoma No. 5,* 2005 OK CIV APP 63, ¶ 11, 120 P.3d 872, 875. By failing to raise issues in her motion to reconsider, Whitaker has waived their appellate review. We therefore must affirm the trial court's entry of summary judgment in favor of Nursing Home on these issues.

¶ 11 Based on this Court's *de novo* review of the record, the trial court's order granting Nursing Home's Motion for Summary Judgment is affirmed.

¶ 12 AFFIRMED.

HANSEN, P.J., and JOPLIN, J., concur.

---

9. Whitaker alternatively argued that this case is governed by the three-year statute of limitations for negligence *per se* causes of action pursuant to 12 O.S. § 95(A)(2). See statute cited *supra*, note 7. Whitaker additionally argued the statute of limitations was tolled in accordance with 12 O.S. 2001 § 96 until one year after Mr. Richard's death due to his mental incapacity prior to his death. Section 96 provides:

   If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed, except that, after the effective date of this section, an action for personal injury to a minor under the age of twelve (12) arising from medical malpractice must be brought by the minor's parent or guardian within seven (7) years of infliction of the injury, provided a minor twelve (12) years of age and older must bring such action within one (1) year after attaining majority, but in no event less than two (2) years from the date of infliction of the injury, and an action for personal injury arising from medical malpractice to a person adjudged incompetent must be brought by the incompetent person's guardian within seven (7) years of infliction of the injury, provided an incompetent who has been adjudged competent must bring such action within one (1) year after the adjudication of such competency, but in no event less than two (2) years from the date of infliction of the injury.

The trial court's Order includes a determination that "any potential extension of the statute of limitations due to his incompetency did not extend the applicable two year statute of limitations."