2011 OK CIV APP 120

**Terrance BRITT, Plaintiff/Appellant,**

v.

**PROMISE REDEEMER, L.L.C. d/b/a Edwards Redeemer Nursing Center, Defendant/Appellee.**

**No. 108,978.**

Court of Civil Appeals of Oklahoma, Division No. 4.

June 24, 2011.

Certiorari Denied Oct. 24, 2011.

G. Stephen Martin, Strong, Martin & Associates, PLLC, Oklahoma City, Oklahoma, and John E. Barbush, John E. Barbush, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Michael J. Heron, Cody J. Roberson, Heron, Fox & Trout, P.C., Edmond, Oklahoma, for Defendant/Appellee.

KEITH RAPP, Judge.

¶1 Trial court plaintiff, Terrance Britt, appeals a trial court order dismissing his cause of action against defendant, Promise Redeemer, L.L.C. d/b/a Edwards Redeemer Nursing Center (Nursing Home). The sole issue on appeal concerns the statute of limitations applicable to Plaintiff's claim for injury he alleges resulted from Nursing Home's disclosure of his medical condition in violation of Oklahoma's Nursing Home Care Act, 63 O.S.2001 & Supp.2010 §§ 1–1900.1, *et seq.* (the Act). This Court holds that Plaintiff's action is barred by the two-year limitations period of 76 O.S. Supp.2010 § 18, for the reasons set forth below.

## BACKGROUND

¶2 Plaintiff filed his petition on August 20, 2010, purporting to assert a single "cause of action," denominated as "Violation of [the] Oklahoma Nursing Home Care Act." Plaintiff does not dispute that his petition was filed more than two years after his claim accrued. Plaintiff alleged that in July 2008, while Plaintiff was a resident there, Nursing Home improperly and erroneously advised Plaintiff's family members "that Plaintiff had contracted Methicillin Resistant Staphylococcus Aureas (MRSA), a communicable disease, and that MRSA was 'contagious' and 'incurable.'" Plaintiff alleged Nursing Home's conduct violated section 1–1918(B)(6) of the Act. That section states:

> Every resident shall receive respect and privacy in the medical care program of the resident. Case discussion, consultation, examination and treatment shall remain confidential and shall be conducted discreetly. Personal and medical records shall be confidential....

Plaintiff alleged that, due to Nursing Home's "improper and inaccurate" disclosure of his medical condition, his family members were either "not allowed or chose not to visit Plaintiff for months," thereby injuring Plaintiff and entitling him to both compensatory and punitive damages.[1]

¶3 Nursing Home moved to dismiss, arguing that Plaintiff's petition—whether it was considered a tort or a contract claim—was barred by 76 O.S. Supp.2010 § 18, the two-year statute of limitations governing claims

---

1. Plaintiff did not ask for a specific monetary amount, but requested judgment "in [an] amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code as well as punitive damages in an amount to be determined by the jury," together with his costs. He also alleged he had reported Nursing Home's conduct to the Oklahoma State Department of Health (OSDH), which had "substantiated" that Nursing Home "failed to protect the rights to confidentiality of medical information of residents in the facility."

against health care providers.[2] Pursuant to section 18:

> An action for damages for injury or death against any physician, health care provider or hospital licensed under the laws of this state, *whether based in tort, breach of contract or otherwise,* arising out of patient care, shall be brought within two (2) years of the date the plaintiff knew or should have known, through the exercise of reasonable diligence, of the existence of the death, injury or condition complained of. . . .

(Emphasis added.)

¶ 4 In response, Plaintiff asserted that 12 O.S. Supp.2010 § 95(A)(2) applied, and provided a three-year limitations period for actions on "a liability created by statute other than a forfeiture or penalty." Plaintiff specifically denied the applicability of 76 O.S. Supp.2010 § 18, arguing that his petition did not "involve a claim of 'malpractice' " and that Plaintiff was "not complaining of the actual treatment or lack thereof by" Nursing Home. He also asserted his petition stated a claim for breach of contract, and was therefore subject to the five-year limitations period of 12 O.S. Supp.2010 § 95(A)(1).

¶ 5 The trial court sustained Defendant's motion and dismissed Plaintiff's case. The court did not grant leave to amend, thereby effectively determining that Plaintiff could allege no set of facts that would state a claim. Plaintiff appeals.

## STANDARD OF REVIEW

█ ¶ 6 This Court reviews *de novo* a trial court's dismissal of an action for failure to state a claim for which relief can be granted. *Estate of Hicks ex rel. Summers v. Urban East, Inc.,* 2004 OK 36, ¶ 5, 92 P.3d 88, 90. "In assessing the sufficiency of a petition, the general rule is that a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts" that would entitle him to relief, i.e., "whether, taking all of plaintiff's allegations

as true, [he] is precluded from recovering as a matter of law." *Id.* Similarly subject to *de novo* review is the issue of which statute of limitations applies: "Although limitations issues may involve mixed questions of fact and law, generally, they are reviewed in this Court as questions of law." *Woods v. Prestwick House, Inc.,* 2011 OK 9, ¶ 14, 247 P.3d 1183, 1187–88 (footnote omitted).

## ANALYSIS

█ ¶ 7 The single issue of error urged by Plaintiff is that the trial court "misapplied Oklahoma law governing the statute of limitations for a claim brought under the Oklahoma Nursing Home Care Act." He again contends a three-year limitations period applies pursuant to 12 O.S. Supp.2010 § 95(A)(2) for actions "upon a liability created by statute other than a forfeiture or penalty."

¶ 8 Here, Plaintiff relies on section 1–1918(F) of the Act, which provides for a private right of action by a resident for damages caused by any violation of the provisions of the "Nursing Home Patients' Bill of Rights," i.e., the multiple "rights" conferred by the Act on nursing home residents in section 1–1918(B). *Morgan v. Galilean Health Enterprises, Inc.,* 1998 OK 130, ¶ 8, 977 P.2d 357, 361. Pursuant to section 1–1918(F):

> F. In addition to the penalties provided in this section, an action may be brought against an individual by any resident who is injured by any violation of this section, or who shall suffer injury from any person whose threats would cause a violation of this section if carried through, may maintain an action to prevent, restrain or enjoin a violation or threatened violation. If a violation or threatened violation of this section shall be established in any action, the court shall enjoin and restrain or otherwise prohibit the violation or threatened violation and assess in favor of the plaintiff and against the defendant the cost of the suit. If damages are alleged and proved in the action, the plaintiff shall be entitled to

---

2. Nursing Home also argued the claim was barred by the two-year limitations statute governing tort claims generally, found at 12 O.S. Supp. 2010 § 95(A)(3); or the one-year limitations period governing claims for slander, found at 12 O.S. Supp.2010 § 95(A)(4).

recover from the defendant the actual damages sustained by the plaintiff. If it is proved in an action that the defendant's conduct was willful or in reckless disregard of the rights provided by this section, punitive damages may be assessed.

¶ 9 In *Morgan v. Galilean Health Enterprises, Inc.*, the Oklahoma Supreme Court considered section 1–1918(F) in a suit brought by a guardian against a nursing home for injuries sustained by the guardian's ward, a resident who had been subjected to abuse and neglect. The Court described section 1–1918 as creating a "statutory tort" for breach of the duties delineated in the Act, and held that the rights enumerated in section 1–1918 "shape the standard of care to govern in the nursing home setting." *Morgan*, 1998 OK 130 at ¶ 9, 977 P.2d at 362. The Court described the cause of action created by the Act as follows: "The terms of [section 1–1918(F) ] create what we have previously referred to as a 'statutory tort,' *i.e., a legislatively-crafted, non-contractual duty, unknown to the common law, for the breach of which an action ex delicto will lie." Id.* at ¶ 8, 977 P.2d at 361 (emphasis added)(footnote omitted).

¶ 10 Without question, the Court's description in *Morgan* of the Act's creation, by legislation, of a "statutory tort ... unknown to the common law" is similar, if not identical, to language used in other cases to describe a "liability created by statute," i.e., the type of liability to which a three-year limitations period applies under 12 O.S. Supp.2010 § 95(A)(2). In *Woods v. Prestwick House, Inc.*, 2011 OK 9, ¶ 16, 247 P.3d 1183, 1188, for example, the Court noted the definition of "a liability created by statute" as "a liability that does not exist but for the statutory provision," and refused to apply section 95(A)(2) because the plaintiff's statutorily based claim, for misappropriation of likeness, was the same as an "invasion of privacy" claim under Oklahoma common law. *Id.* at ¶¶ 2 and 16, 247 P.3d at 1185–86 and 1188; *see also Hough v. Hough*, 1952 OK 106, ¶ 3, 206 Okla. 179, 242 P.2d 162, 163 (holding that a liability existing at common law is not a "liability created by statute" to which the three-year statute of limitations applied);

and *Smith Engineering Works v. Custer*, 1944 OK 211, ¶ 17, 194 Okla. 318, 151 P.2d 404, 407 (recognizing, as a general rule, "that a statutory obligation to pay damages which the common law does not give" is "a liability created by statute").

¶ 11 Among the causes of action that the Court has recognized as coming within the definition of "liability created by statute" are claims for retaliatory discharge under 85 O.S. Supp.2010 § 5, and claims against corporate directors for unlawful payment of dividends under 18 O.S.2001 § 1053. *See, e.g., Ingram v. Oneok, Inc.*, 1989 OK 82, 775 P.2d 810; and *Gay v. Akin*, 1988 OK 150, 766 P.2d 985. In fact, both of the latter claims were equated to "statutory torts" by Justice Opala in his dissent in *Cruse v. Board of County Commissioners of Atoka County*, 1995 OK 143, 910 P.2d 998, using language very similar, if not identical, to that used in the Court's majority opinion in *Morgan. Compare Cruse*, 1995 OK 143 at ¶¶ 11–12 and nn. 36–38, 910 P.2d at 1010–11 (Opala, J., dissenting), with *Morgan*, 1998 OK 130 at ¶ 8, 977 P.2d at 361–62 (majority opinion).

¶ 12 Moreover, as Plaintiff argues, the Court has recognized that the provisions of the Act are not "exclusive," and that a resident may also have other legal or equitable remedies in addition to the cause of action set forth therein. *See Estate of Hicks ex rel. Summers v. Urban East, Inc.*, 2004 OK 36, ¶ 12, 92 P.3d 88, 92. Plaintiff relies on *Hicks* to support his contention that he has stated, or can state, a claim for breach of contract with its associated five-year limitations period under 12 O.S. Supp.2010 § 95(A)(1).

¶ 13 Despite the fact that Plaintiff may have cogent arguments favoring a three-year or five-year limitations period under section 95(A), however, neither his allegations of error nor his cited legal authority refute the unambiguous language of 76 O.S. Supp.2010 § 18. Section 18 flatly imposes a two-year statute of limitations on causes of action "whether based in tort, breach of contract, *or otherwise,* arising out of patient care" (emphasis added), and clearly applies to claims against "health care providers," a category to which facilities such as nursing homes be-

long, according to both the Oklahoma Legislature and the Supreme Court. *See* 63 O.S. 2001 § 1–116(4)(defining "health care providers" as including nursing facilities licensed under the Act); and *Harder v. F.C. Clinton, Inc.*, 1997 OK 137, ¶ 11, 948 P.2d 298, 304 (characterizing an action against a nursing home as "health care litigation" and a standard of care similar to that of a private hospital to its patients).

¶ 14 Though not considering the specific limitations statute at issue in this case, another division of the Court of Civil Appeals reached a similar conclusion in *Whitaker v. Hill Nursing Home*, 2009 OK CIV APP 41, 210 P.3d 877. There the Court held that a personal representative's wrongful death action was barred by 76 O.S. Supp.2010 § 18, rejecting the plaintiff's arguments that the nursing home defendant was not a "health care provider" and that the action was subject to the five-year statute applicable to breach of contract actions.[3]

¶ 15 In the trial court here, Plaintiff also argued that section 18 is inapplicable because Plaintiff's action "does not involve a claim of malpractice in that Plaintiff is not complaining of the actual treatment or lack thereof by Defendant." In other words, Plaintiff contends that section 18 cannot apply because Plaintiff's complaint is not, in the language of the statute, "[a]n action for damages ... arising out of patient care" as clearly stated in section 18.

¶ 16 Plaintiff's petition makes clear, however, that his claim is grounded in the alleged violation of his right to keep his medical information private—i.e., in an alleged breach of Nursing Home's duty to maintain the confidentiality of its patient's medical records and condition. Far from being unrelated to Plaintiff's "actual treatment or lack thereof," a health care provider's duty of privacy goes to the heart of the patient/provider relationship and thus comes within the ambit of "patient care."

¶ 17 The Oklahoma Supreme Court has noted the confidential nature of the relationship between a patient and his or her health care provider, and the presumption that this relationship is in the nature of a "guarantee." *See Bryson v. Tillinghast*, 1988 OK 6, ¶ 11, 749 P.2d 110, 113 (stating that the plaintiff's argument "assumes, and [the Court] does not refute the assumption, that an implied guarantee of confidentiality exists when a doctor and his patient enter into a contract for medical services"). Other authorities as well have recognized the existence of, and need for, such a guarantee of privacy and confidentiality in the physician/patient relationship. As noted by one commentator:

> It has been said that the concept of medical confidentiality is as old as the practice of medicine. The profession has seen basically the same needs articulated by the courts for the principle of confidentiality. The patient's most profound secrets are kept confidential. This encourages patients to bare themselves fully to their physicians so that an accurate diagnosis may be made and appropriate treatment instituted. Confidentiality also respects the patient as a unique individual.

> Probably the best known medical oath in the Western world is the Hippocratic Oath, which states: "What I may see or hear in the course of the treatment or even outside of the treatment in regard to the life of men, which on no account one must spread abroad, I will keep to myself holding such things shameful to be spoken about." This ancient principle of medical confidentiality is believed to date from around 400 B.C. Physicians appear to accept, virtually without question, that confidentiality is inherent in the physician-patient relationship. *Thus, it has been stated that "the patient's right to confidentiality of his medical record is a fundamental tenet of medical care."*

Bernard Friedland, *"Physician–Patient Confidentiality,"* 15 J. Legal Med. 249, 256 (June 1994)(emphasis added)(footnotes omitted).

¶ 18 This Court perceives no reason why a similar rationale should not apply to the relationship between a provider of health care

---

**3.** The Court in Whitaker did not address the applicability of 12 O.S. Supp.2010 § 95(A)(2), finding specifically that the plaintiff had waived those issues on appeal. 2009 OK CIV APP 41 at ¶ 10, 210 P.3d at 881.

regardless of whether that care is provided in a nursing home or a physician's office. The duty of privacy and confidentiality is fundamental to that relationship, and is a fundamental underpinning of "patient care." Plaintiff's complaint about the breach of his privacy goes straight to an issue of "patient care." His cause of action thus comes outside of the limitations period set forth at 76 O.S. Supp.2010 § 18, and this statute is dispositive of his claim. The trial court did not err in so holding.

## CONCLUSION

¶ 19 Title 76 O.S. Supp.2010 § 18, imposing a two-year statute of limitations for claims against health care providers, applies to Plaintiff's claim against Nursing Home for breach of the duty of confidentiality imposed by the Nursing Home Care Act. Plaintiff is too late to sue. The trial court did not err in dismissing his petition without leave to amend, and its decision is affirmed.

¶ 20 AFFIRMED.

GOODMAN, P.J., and BARNES, J. (sitting by designation), concur.